UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ABRAMOWITZ, et al.,

        Plaintiffs,

   v.

KARI LAKE,
Senior Advisor to the Acting CEO of U.S.
Agency for Global Media, et al.,

        Defendants.

Civil Action No. 25-0887 (RCL)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED SCHEDULE AND MOTION TO STAY PROCEEDINGS

Defendants Kari Lake, in her official capacity as a Senior Advisor to the Chief Executive Officer ("CEO") of United States Agency for Global Media ("Global Media"), Victor Morales, in his official capacity as Acting CEO of Global Media, and Global Media (collectively "Defendants" or "Global Media"), through their undersigned counsel, respectfully oppose the motion to set a preliminary injunction briefing schedule (ECF No. 15) filed by Plaintiffs Michael Abramowitz, the current Director of Voice of America, Anthony LaBruto, a journalist in the English to Africa Service in the Africa Division of Voice of America, and one "J. Doe" journalist (collectively "Plaintiffs").  Defendants also move to stay all proceedings pending the hearing and determination of the plaintiffs' motion for a preliminary injunction in *Widakuswara v. Lake*, Civ. A. No. 25-2390 (S.D.N.Y. Mar. 2025), following the issuance of a temporary restraining order on March 28, 2025, in *Widakuswara* which largely provides the relief sought in this action, *see id*. Mem. Op. (ECF No. 54) (attached hereto as Ex. A).  In the alternative, Defendants propose a reasonable schedule that provides the Government a more fulsome opportunity to brief the preliminary injunction motion (ECF No. 4).  Pursuant to Local Civil Rule 7(m), the undersigned conferred with Plaintiffs,

though counsel; Plaintiffs oppose Defendants' request to stay all proceedings and Defendants' proposed briefing schedule.

## BACKGROUND

On March 26, 2025, Plaintiffs brought this action alleging that Defendants placing employees and contractors on paid administrative leave, temporarily ceasing broadcasting and programming operations, cancelling personal services contracts effective March 31, 2025, and preventing Abramowitz from carrying out his statutory functions as Director of Voice of America violated the Administrative Procedure Act (Count I), the separation of powers principles (Count II), and the Take Care Clause (Count III), and were ultra vires acts (Count IV).  *See* Compl. (ECF No. 1).

That same day, Plaintiffs moved for a temporary restraining order or preliminary injunction seeking a declaration that "Defendants actions requiring [Voice of America] to cease operations, placing virtually all [Voice of America] employees on administrative leave, and terminating 500 fulltime personal service contract employees" are "unlawful (Pls.' Mot. (ECF No. 4) at 43 ¶ (b)); an order directing Defendants to "cancel their orders putting approximately 1,300 [Voice of America] employees on administrative leave, cancel the termination of personal services contracts with approximately 500 employees, cease dismantling Voice of America, and restore Voice of America's personnel and operating capacities such that the entities may continue their broadcasting activities at the level before the above actions were taken," among others, *id.* ¶ (c); *see also* Compl. (ECF No. 1) at 33.  Plaintiffs also filed a notice of related case and identified two matters that they deemed related because it either involves common issues of fact or grows out of the same event or transaction.  *See* Notice of Related Cases (ECF No. 2).  Namely, Plaintiffs

identified *Widakuswara* and *RFE/RL, Inc., v. Kari Lake, et al.*, Civ. A. No. 25-00779 (D.D.C. Mar. 2025). *Id.*

With approximately forty-eight hours' notice, Defendants filed an opposition to Plaintiffs' motion on March 28, 2025, *see* ECF No. 33. Later that same day, the Southern District of New York (the "Southern District"") issued an Order in *Widakuswara*, the related case, and stated, *inter alia*,

> IT IS HEREBY ORDERED that, pending the hearing and determination of Plaintiffs' motion for a preliminary injunction, Defendants, and those acting in concert with them, are temporarily enjoined from taking any further actions to implement or effectuate the March 14, 2025 Executive Order entitled "Continuing the Reduction of the Federal Bureaucracy" as to [Global Media]and the March 15, 2025 email issued to all [Voice of America] staff, or take any action to reduce [Global Media]'s workforce (whether employees, contractors, or grantees), included but not limited to (i) proceeding with any further attempt to terminate, reduce-in-force, place on leave, or furlough any [Global Media]employee, or contractor, (ii) terminating (or proceeding with terminating as announced) any [Global Media]grant or contract or proceeding with terminating any [Global Media]Personal Services Contractors (PSCs) who receive notice after March 14, 2025 that their contract would be terminated, including but not limited to John Doe 3 and John Doe 4 who received notice that their contracts would be terminated on March 31, 2025, or (iii) closing any [Global Media]office or requiring employees or contractors in overseas offices to return to the United States.

*See* Mem. Op. at 21–22 (attached hereto). In light of the court's order granting plaintiffs' temporary restraining order in *Widakuswara*, Plaintiffs' counsel contacted Chambers and stated that "the plaintiffs are planning to withdraw their motion for a TRO on Monday [and] will confer with the Government about a schedule for our motion for a preliminary injunction."

The parties disagree on the next steps in this matter and now Defendants file this opposition and motion seeking to stay all proceedings or, in the alternative, request to file their opposition to Plaintiffs' preliminary injunction in approximately three weeks—by no later than April 23, 2025.

**ARGUMENT**

The Court should deny Plaintiffs' request for an expedited preliminary injunction briefing schedule. In light of the District Court ruling in *Widakuswara*, the Plaintiffs in this matter benefit from that ruling and thus, their motion is moot or, at the very least, any grounds to proceed in an expedited fashion are severely diminished. Rather than proceeding in an expedited manner as Plaintiffs suggest, the interests of judicial economy and efficiency, and to avoid in consistent rulings, warrant staying all proceedings for the limited purpose of allowing the Southern District to issue a determination on the preliminary injunction motion filed by the plaintiffs in *Widakuswara*.

"District courts have the discretion to stay or dismiss a pending suit when parallel litigation that is factually related is ongoing in another forum." *Holland v. ACL Transp. Servs., LLC*, 815 F. Supp. 2d 46, 55 (D.D.C. 2011) (citing *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003)). It is generally understood that separate parallel proceedings are a judicial inconvenience and that courts should "avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Columbia Plaza Corp. v. Sec. Nat. Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.").

In order to determine if a stay is appropriate, the Court should consider the circumstances in this case, "weigh[ing] competing interests and maintain[ing] an even balance." *See Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016); *see, e.g., Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he powers to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *See Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).  Because if a sister court has examined its power to adjudicate a case and entered judgment that binds the parties, "the interests of comity mandate respect for the holding of [that] sister court when a de novo review has the potential effect of subjecting one party to conflicting orders from two courts of comparable jurisdiction and authority." *See Common Cause v. Judicial Ethics Comm.*, 473 F. Supp. 1251, 1253–54 (D.D.C. 1979).  "To do otherwise, would be tantamount to having [one trial court, for example,] sit as an appellate court, reviewing the decision of another trial court." *See id.* at 1254.  So, indeed, a party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, *if* there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

Here, at the outset, Plaintiffs concede that this matter and *Widakuswara* involves common issues of fact or grows out of the same event or transaction.  *See* Notice of Related Cases (ECF No. 2).  Indeed, in this matter and the *Widakuswara* matter, the plaintiffs filed motions seeking similar temporary emergency relief, including but not limited to, ordering Defendants to return Global Media and its employees, contractors, and grantees back to their status prior to the March 14, 2025, Executive Order entitled "Continuing the Reduction of the Federal Bureaucracy" and ordering Defendants to comply with the congressional statues as it relates to the Voice of America. *Compare* Pls.' Mot. (ECF No. 4) at 43 ¶¶ (b), (c) *with Widakuswara*, Civ. A. No. 25-2390, Pls.'

Order to Show Cause with Temp. Rest. Order (S.D.N.Y. Mar. 24, 2025) (ECF No. 15) at 1–2. In fact, recognizing the similarities in both matters, after the Southern District issued its decision on the plaintiffs' request for a temporary restraining order in *Widakuswara*, the same day, Plaintiffs in this case immediately notified this Court that they no longer were seeking a temporary restraining order. Thus, it is undeniable the plaintiffs in both matters seek similar relief; both matters overlap and have significant interplay.

Importantly, the *Widakuswara* matter commenced first and the Southern District has already granted the plaintiffs' temporary restraining and temporarily enjoined the government "from taking any further actions to implement or effectuate the March 14, 2025 Executive Order entitled 'Continuing the Reduction of the Federal Bureaucracy' as to [Global Media]and the March 15, 2025 email issued to all [Voice of America] staff, or take any action to reduce [Global Media]'s workforce (whether employees, contractors, or grantees)." *See* Mem. Op. at 21–22. Similarly, the Southern District's order prevents Global Media from "terminating (or proceeding with terminating as announced) any [Global Media] grant or contract or proceeding with terminating any [Global Media] Personal Services Contractors (PSCs) who receive notice after March 14, 2025 that their contract would be terminated, including but not limited to John Doe 3 and John Doe 4 who received notice that their contracts would be terminated on March 31, 2025." That inevitably includes both Plaintiff LaBruto and J.Doe II. *See* Pls.' Mot. Temp. Rest. Ord. & Prelim. Inj. At 51 (ECF No. 4-2) (Plaintiffs respectfully request that this Court…order defendants to "cancel the termination of personal services contracts with approximately 500 employees[.]"). The main reason the Government agreed to brief Plaintiffs' motion in such expedited fashion was Plaintiffs' then time-pressing claim that the contracts were set to expire on March 31, 2025. But another

court has already granted Plaintiffs relief from that deadline, which further negates and undermines any claim of imminent harm here.

Because both matters involve similar requested relief by the plaintiffs and the same defendants, the Southern District's recent decision binds Defendants as to the overlap of claims, and Plaintiffs in this matter benefit from the relief during the pendency of the temporary restraining order currently in place. Plaintiffs do not dispute this but instead argue that the Southern District "order does not require Defendants to terminate their March 15 action placing virtually all [Voice of America] employees on administrative leave or the closing down of the agency" and thus, they are "entitled to a preliminary injunction requiring Defendants to cancel their administrative leave order and from taking other actions to close down [Voice of America]." *See* Pls.' Mot. to Set a Preliminary Injunction Briefing Schedule (ECF No. 15) at 2–3. Contrary to Plaintiffs' assertions, the Southern District ordered that Global Media is currently prevented from "taking any further actions to implement or effectuate the March 14, 2025 Executive Order." *See* Mem. Op. at 21. Simply put, there is no urgency to Plaintiffs' request, and the Court should allow the Government a meaningfully opportunity to brief the issues, particularly in light of the relief in place. Indeed, any alleged "harm" of the named Plaintiffs is significantly diminished. As is established, Plaintiff Abramowitz remains in his position as director of Voice of America and the Southern District granted relief against the termination of the contracts at issue in this matter.

Further, because Plaintiffs' motion for emergency relief seeks similar relief as the plaintiffs in *Widakuswara* and the defendants are the same in both matters, any further decisions issued by the Southern District will likely impact, influence, and/or determine the outcome of Plaintiffs' claims in this instant matter. Thus, in light the Southern District's recent decision, which impacts the parties in this matter, to avoid inconsistent rulings, judicial economy and efficiency would best

be served by staying this matter and allowing the Southern District proceedings and determination on the preliminary injunction to proceed and conclude first. To the extent there are issues remaining in this matter as it relates to the preliminary injunction in this matter, the issues can be dealt with after the preliminary injunction in the *Widakuswara* matter is resolved. Thus, the principles of comity, deference, and judicial economy support issuing a limited stay in this matter until the preliminary injunction motion in *Widakuswara* is resolved.

Further, if the stay is not granted Defendants will face hardship and inequity, which undeniably outweighs the Plaintiffs' purported "harm." Plaintiffs intend for multiple district courts to proceed with both matters at the same time and potentially rule on the same issues twice. This will inevitably necessitate the use of already scarce judicial resources when there is no threat of imminent, irreparable harm. Allowing this case to proceed on a separate track would frustrate the goals (efficiency and justice) of the Court, forcing Defendants to litigate similar issues in another matter and forum and materially complicating efforts to coordinate and streamline filings and rulings. Also, if Defendants are required to go forward with this instant matter before the Southern District issues a determination on the preliminary injunction in that matter, Defendants face the possibility of inconsistent rulings. Since this matter has similar requested relief and the same defendants, inconsistent rulings will detrimentally impact Defendants and potentially cause delays in this litigation.

Lastly, compared to Defendants, Plaintiff's purported "harm" is minimal or non-existent. Defendants have not requested infinite or unconditioned delay to gain an unfair advantage in the dispute, but merely a limited stay until the Southern District Court resolves the preliminary injunction in that matter, which is reasonable in light of *Widakuswara* commencing first and the Southern District's recent March 28, 2025, decision and order.

Accordingly, because the *Widakuswara* matter commenced first, both matters involve the same defendants and similar requested relief, and to avoid inconsistent rulings and the need for the parties and the Court to spend any time and resources addressing the same potential issues as the Southern District, this Court should the stay this matter until the preliminary injunction motion in *Widakuswara* is resolved.

If the Court is not inclined to grant a stay, Defendants respectfully request that the Court enter an alternative briefing schedule to that which was proposed by Plaintiffs. Given the lack of imminent, irreparable harm due to the relief afforded by the Southern District, Defendants request that the Court enter the following briefing schedule:

Defendants' opposition to Plaintiffs' motion for a preliminary injunction (ECF No. 4-2) due April 23, 2025. Local Civil Rule 65 does not contemplate a reply memorandum (contrary to Plaintiffs' suggestion). Should the Court wish to schedule the matter for a hearing, counsel for Defendants will make themselves available at the Court's convenience the week of April 28, 2025.[1]

*    *    *

---

[1] The Southern District's order is in effect pending the "hearing and determination" on plaintiffs' motion for a preliminary injunction, a schedule that has not yet been set. *See Widakuswara*, Mar. 28, 2025, Min. Order. Should a schedule be set in *Widakuswara* that contemplates a decision prior to Defendants proposed filing deadline on April 23, 2025, Defendants will update the Court and would be amenable to revising the proposed briefing schedule.

## CONCLUSION

For these reasons, Defendants request that the Court deny Plaintiffs' motion to set a preliminary injunction briefing schedule and instead, stay this action pending further order from the Southern District of New York. A proposed order is attached.

Dated: April 1, 2025          Respectfully submitted,
      Washington, DC

                                   EDWARD R. MARTIN, JR., D.C. Bar #481866
                                   United States Attorney

                                   By:        */s/Stephanie R. Johnson*
                                       STEPHANIE R. JOHNSON,
                                          D.C. Bar # 1632338
                                     BRENDA GONZÁLEZ HOROWITZ,
                                          D.C. Bar # 1017243
                                   Assistant United States Attorneys
                                   Civil Division
                                   601 D Street, NW
                                   Washington, DC 20530
                                   Main: (202) 252-2500

                                   *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ABRAMOWITZ, et al.,

        Plaintiffs,

    v.

KARI LAKE, Senior Advisor to the Acting
CEO of U.S. Agency for Global Media, et al.,

        Defendants.

Civil Action No. 25-0887 (RCL)

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' motion to set a preliminary injunction briefing schedule and Defendants' opposition and motion to stay proceedings in this action, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED;

ORDERED that Defendants' motion is GRANTED; and it is further,

ORDERED that this matter is STAYED pending the hearing and determination of the plaintiffs' motion for a preliminary injunction in *Widakuswara v. Lake*, Civ. A. No. 25-2390 (S.D.N.Y. Mar. 2025).

SO ORDERED.

_____
Dated

_____
ROYCE C. LAMBERTH
United States District Judge