UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ABRAMOWITZ, et al.,

Plaintiffs,

v.

KARI LAKE, Senior Advisor to the Acting
CEO of U.S. Agency for Global Media, et al.,

Defendants.

Civil Action No. 25-0887 (RCL)

## JOINT STATUS REPORT

Pursuant to the Court's April 7, 2025, Order (ECF No. 21), Plaintiffs Michael Abramowitz, the current Director of Voice of America, Anthony LaBruto, a journalist in the English to Africa Service in the Africa Division of Voice of America, and one "J. Doe" journalist (collectively "Plaintiffs") and Defendants Kari Lake, in her official capacity as a Senior Advisor to the Chief Executive Officer ("CEO") of United States Agency for Global Media ("Global Media"), Victor Morales, in his official capacity as Acting CEO of Global Media, and Global Media (collectively "Defendants" or "Global Media") submit this Joint Status Report. The parties have met and conferred, and report as follows:

### RELEVANT PROCEDURAL BACKGROUND

On March 26, 2025, Plaintiffs brought this action alleging that Defendants violated the Administrative Procedure Act (Count I), the separation of powers principles (Count II), and the Take Care Clause (Count III), and were *ultra vires* acts (Count IV). *See generally* Compl. (ECF No. 1). That same day, Plaintiffs moved for a temporary restraining order or preliminary injunction, *see generally* Pls.' Mot. (ECF No. 4), also filed a notice of related case and identified two matters that they deemed related, i.e., *Widakuswara v. Lake*, Civ. A. No. 25-1015 (RCL)

(D.D.C. Mar. 2025) and *RFE/RL, Inc., v. Kari Lake, et al.*, Civ. A. No. 25-00779 (RCL) (D.D.C. Mar. 2025).

On March 28, 2025, within approximately 48-hours, Defendants filed an opposition to Plaintiffs' motion. *See* Defs. Opp'n (ECF No. 33). Later that same day, the Southern District of New York (the "Southern District") issued an Order in *Widakuswara*, the related case, and stated, *inter alia*,

> IT IS HEREBY ORDERED that, pending the hearing and determination of Plaintiffs' motion for a preliminary injunction, Defendants, and those acting in concert with them, are temporarily enjoined from taking any further actions to implement or effectuate the March 14, 2025 Executive Order entitled "Continuing the Reduction of the Federal Bureaucracy" as to [Global Media]and the March 15, 2025 email issued to all [Voice of America] staff, or take any action to reduce [Global Media]'s workforce (whether employees, contractors, or grantees), included but not limited to (i) proceeding with any further attempt to terminate, reduce-in-force, place on leave, or furlough any [Global Media]employee, or contractor, (ii) terminating (or proceeding with terminating as announced) any [Global Media]grant or contract or proceeding with terminating any [Global Media]Personal Services Contractors (PSCs) who receive notice after March 14, 2025 that their contract would be terminated, including but not limited to John Doe 3 and John Doe 4 who received notice that their contracts would be terminated on March 31, 2025, or (iii) closing any [Global Media]office or requiring employees or contractors in overseas offices to return to the United States.

*See* Mem. Op. (ECF No. 16-1) at 21–22. In light of the court's order granting plaintiffs' temporary restraining order in *Widakuswara*, Plaintiffs' counsel contacted Chambers and stated that "the plaintiffs are planning to withdraw their motion for a TRO on Monday [and] will confer with the Government about a schedule for our motion for a preliminary injunction."

Plaintiffs filed a motion for a briefing schedule for their preliminary injunction motion, *see* ECF No. 15, and Defendants subsequently opposed Plaintiffs' motion and moved to stay all proceedings pending the hearing and determination of the plaintiffs' motion for a preliminary injunction in *Widakuswara*, *see* ECF Nos. 16, 17. Plaintiffs submitted a response to Defendants' motion, *see* ECF No. 19, and Defendants intended on filing a reply by April 4; however, instead,

Defendants filed a supplemental notice notifying the Court that the *Widakuswara* matter was transferred to the District Court for the District of Columbia, *see* ECF No. 4, and noting that the parties needed additional time to determine a schedule. The Court ordered, among other things, that the parties to file a joint status report on April 9, 2025, proposing a schedule to govern further proceedings. *See* Court's April 7, Order (ECF No. 21).

On April 8, 2025, in *Widakuswara*, the Court also ordered the parties to propose a schedule for further proceeding, and, on the same day, the government moved to dissolve the March 28, 2025, Temporary Restraining Order (ECF No. 54).

Now, the parties submit this Joint Status Report with each party's perspective proposed schedule for further proceedings.

## THE PARTIES' PROPOSED SCHEDULES

Despite the parties' good faith effort to generate a joint position, they were not able to agree on a set of dates and, therefore, are submitting their respective proposed schedules for this case.

**<u>Plaintiffs' position:</u>** Plaintiffs again urge the Court to adopt an expedited briefing schedule on their motion for a preliminary injunction (PI). Plaintiffs propose that Defendants' opposition be due Monday, April 14, and Plaintiffs' reply be due at noon, Thursday, April 17, with a hearing set for Friday, April 18, when the TRO in *Widakuswara v. Lake,* No. 1:25-cv-1015 will expire. Plaintiffs notified Defendants on Friday, April 4, that they would be proposing this schedule for Defendants' opposition so Defendants could have an additional ten days to supplement the opposition that Defendants filed in opposition to Plaintiffs' Motion for a Temporary Restraining Order (TRO).

Plaintiffs filed their Motion for a TRO and PI on Wednesday, March 26. Dkt. 4. Subsequently, Defendants filed a 38-page brief opposing Plaintiffs' motion for a TRO, which

raises the same issues as Plaintiffs' motion for a PI. Dkt. 13. When Judge Oetken, who had been assigned to *Widakuswara*, a case challenging the closure of all seven USAGM networks and originally filed in the Southern District of New York, issued a TRO on Friday, March 28, covering a portion of the relief Plaintiffs sought, Plaintiffs informed the Court that they were withdrawing their motion for a TRO.

On Monday, March 31, Plaintiffs filed a motion requesting that the Court set a PI schedule under which Defendants' opposition would be due Wednesday, April 2, seven days after Plaintiffs' motion for a preliminary injunction had been filed and the date the opposition was due under the local rules. Dkt. 15. Rather than filing their opposition, Defendants moved to stay the case relying on the TRO issued by Judge Oetken in *Widakuswara* and suggested that if their motion was denied that their opposition not be due until April 23, a full 21 days after the due date under the local rules. Dkt. 17. Plaintiffs opposed the motion to stay for the reasons set forth in their opposition. Dkt. 19.

The *Widakuswara* case is now before this Court and yesterday the Court issued an order that keeps the TRO in place until Friday, April 18, 2025. No. 25-cv-1015, Dkt. 70. In light of the pending expiration of that TRO and the fact that even under the terms of that TRO not all of Plaintiffs' relief in this case has been granted, we urge the court to accept Plaintiffs' proposed schedule which would allow the Court to consider all of the arguments in this case before the TRO expires. In the absence of such an order and in light of the April 18th expiration of the TRO, Plaintiffs will refile their request for a TRO in this case.

For all of the reasons set forth in Plaintiffs' Stay Opposition (Dkt. 19) and below, Plaintiffs request that Defendants renewed request for a stay be denied and further request that the transfer of the *Widakuswara* case not delay this action in any way. Whereas that case was brought on behalf

of various employee unions, employees, and other organizations, and makes a large number of claims including extensive claims under the First Amendment, the instant case was brought by the director of Voice of America (VOA) and two contract employees and seeks an order ending the administrative leave of virtually all VOA employees so that the agency may reopen and carry out its statutory responsibilities. The claims overlap to an extent, but Plaintiffs' claims in this case are discrete and should be adjudicated separately and expeditiously.

While Judge Oetken's order restrained Defendants from terminating 500 contract employees on March 31, it did not order Defendants to revoke their order placing virtually all VOA employees on administrative leave and the closing down of the agency. The compelling reasons why a preliminary injunction is necessary to avoid irreparable damage to VOA and Plaintiffs are explained in Plaintiffs' memorandum in support of a TRO and PI and in the affidavit of Michael Abramowitz, submitted on April 2 with Plaintiffs' opposition to the Motion for a Stay. Dkt. 19.

In the absence of a stay, Defendants are seeking a prolonged briefing and hearing schedule which would effectively stay this case until a decision on the PI in *Widakuswara* is made. But for the reasons set forth in Plaintiffs' Stay Opposition and above, Plaintiffs object to a prolonged schedule. Given the significant overlap of issues, which Defendants repeatedly point to, there is no reason why the Government cannot rely on the same analysis in both cases for overlapping issues and address just the different causes of action in each case. If anything, the issues raised in this case are narrower and thus easier to brief in an expeditious matter.

In light of the above, Plaintiffs respectfully request that the Court order Defendants to respond to their motion for a PI by Monday, April 14, which would be twelve days after the deadline that was established by the local rule. Plaintiffs would then file a reply by noon on April

17 so that the Court could schedule a hearing for Friday April 18, 2025, the day the TRO in *Widakuswara* is set to expire.

**<u>Defendants' position:</u>** Although *Widakuswara* was recently transferred to this district, the grounds to stay all proceedings pending the hearing and determination of the plaintiffs' motion for a preliminary injunction in *Widakuswara* still apply. Because the Court has order expedited briefing on plaintiffs' preliminary injunction motion in *Widakuswara*, and this matter and *Widakuswara* involve common issues of fact or grow out of the same event or transaction, Defendants propose a reasonable schedule that provides the Government a more fulsome opportunity to brief the preliminary injunction motion (ECF No. 4) in this matter.

Defendants propose that the Court hold this matter in abeyance pending a ruling on the preliminary injunction in *Widakuswara*, for the same reasons articulated in Defendants' motion to stay. *See generally* Defs. Mot. (ECF No. 16). Because there is significant overlap of the issues, it would significantly strain the Government's resources to brief these two matters separately, particularly given that the Court has ordered an expedited schedule in *Widakuswara*. If the Court is inclined to order relief in *Widakuswara*, depending on the nature of that relief, it would necessarily also apply to Plaintiffs in this action as to the overlapping factual and legal issues.

Alternatively, if the Court is disinclined to grant Defendants' motion to stay and denies the preliminary injunction motion in *Widakuswara*, Defendants request that their opposition in this matter be due seven days after the Court issues a decision on the plaintiffs' preliminary injunction motion in *Widakuswara*. Local Civil Rule 65 does not contemplate a reply memorandum and should the Court wish to schedule the matter for a hearing, counsel for Defendants respectively request that the hearing be schedule one week after Defendants file their opposition.

Implementing a schedule other than what Defendants' request, would cripple the Government's opportunity to properly prepare an appropriate response to Plaintiffs' pending motion. Since the Court has discretion over its own docket, and there is no reason to assume that the duration of the preliminary junction proceedings in *Widakuswara* will be unusually long, Defendants request that the Court adopt their proposed schedule.

Dated: April 9, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:  */s/ William B. Schultz*
William B. Schultz (D.C. Bar No. 218990)
Margaret M. Dotzel (D.C. Bar No. 425431)
Brian J. Beaton, Jr. (D.C. Bar No. 90020963)*
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
bbeaton@zuckerman.com

*Attorneys for Plaintiffs*
*\*Pro hac vice pending*

By:  */s/ Stephanie R. Johnson*
   STEPHANIE R. JOHNSON,
     D.C. Bar # 1632338
   BRENDA GONZÁLEZ HOROWITZ,
     D.C. Bar # 1017243
   Assistant United States Attorneys
   Civil Division
   601 D Street, NW
   Washington, DC 20530
   Main: (202) 252-2500

*Attorneys for the United States of America*