UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MICHAEL ABRAMOWITZ**, *et al.*,

    *Plaintiffs*,

v.

**KARI LAKE**, *in her official capacity as Senior Advisor to the Acting CEO of the U.S. Agency for Global Media, et al.*,

    *Defendants*.

Case No. **1:25-cv-887-RCL**

## ORDER

Before the Court is the plaintiffs' Motion for a Preliminary Injunction, which seeks to enjoin the defendants from dismantling Voice of America (VOA) in response to Executive Order 14238, "Continuing the Reduction of the Federal Bureaucracy," announced by President Trump on March 14, 2025. The plaintiffs ask this Court to cancel the orders putting approximately 1,300 VOA employees on administrative leave, cancel the termination of contracts with approximately 500 personal service contractors (PSCs) with VOA, cease dismantling VOA, and restore VOA's personnel and operating capacities. For the reasons contained in the Memorandum Opinion in the related case, *Widakuswara v. Lake*, 25-cv-1015, the plaintiffs' Motion for a Preliminary Injunction is **GRANTED**. Because the relief sought here is narrower than the relief granted in *Widakuswara*, the Court enters the instant Order so that this case may alongside *Widakuswara* for the purposes of appellate review. The Court provides a brief overview of the distinctions between the cases and the relevant procedural history below.

The plaintiffs here are Michael Abramowitz, the current director of VOA; Anthony Michael LaBruto, an International Multimedia Journalist in the English to Africa Service in the

1

Africa Division of VOA; and J. Doe, a personal service contractor (PSC) with VOA. Compl. ¶¶ 19–22. On March 26, 2025, the plaintiffs filed their Complaint against Defendant Kari Lake, Senior Advisor to the Acting CEO of the U.S. Agency for Global Media (USAGM), and Defendant Victor Morales, Acting CEO of USAGM, in their official capacities, as well as USAGM as an organization. *Id.* ¶¶ 23–25. The Complaint alleges that the defendants' actions regarding VOA, since the issuance of the EO, violate of the Administrative Procedure Act (Count I), constitutional separation of powers principles (Count II), the Take Care Clause (Count III), and were *ultra vires* (Count IV). The plaintiffs moved for a temporary restraining order (TRO) and preliminary injunction (PI) that same day. *See* Mot. for TRO and PI, ECF No. 4.

Separately, on March 28, 2025, in *Widakuswara*, Judge Oetken of the Southern District of New York granted Plaintiffs' motion for a TRO and ordered as follows:

> Defendants, and those acting in concert with them, are temporarily enjoined from taking any further actions to implement or effectuate the March 14, 2025 Executive Order entitled "Continuing the Reduction of the Federal Bureaucracy" as to USAGM and the March 15, 2025 email issued to all VOA staff, or take any action to reduce USAGM's workforce (whether employees, contractors, or grantees), included but not limited to
> (i) proceeding with any further attempt to terminate, reduce-in-force, place on leave, or furlough any USAGM employee, or contractor,
> (ii) terminating (or proceeding with terminating as announced) any USAGM grant or contract or proceeding with terminating any USAGM Personal Services Contractors (PSCs) who received notice after March 14, 2025 that their contract would be terminated, including but not limited to John Doe 3 and John Doe 4 who received notice that their contracts would be terminated on March 31, 2025, or
> (iii) closing any USAGM office or requiring employees or contractors in overseas offices to return to the United States.

March 28 TRO at 21–22. Upon the issuance of that TRO, the plaintiffs here notified the Court that they would withdraw their motion for a TRO and confer with the defendants regarding a briefing schedule for the pending PI Motion. The plaintiffs moved for an expedited PI briefing schedule, *see* ECF No. 15, which the defendants opposed, ECF No. 16. Then on April 1, 2025,

the defendants moved to stay all proceedings or, in the alternative, for a longer briefing schedule to allow for the Southern District of New York to rule on the pending PI motion in *Widakuswara*. Mot. to Stay, ECF No. 17.

With those motions still pending, on April 4, 2025, the defendants filed a Notice [ECF No. 20] of the decision in the Southern District of New York to transfer the *Widakuswara* case to the District of Columbia and requested that the parties file a status report on April 9, 2025. The Court granted this request, ECF No. 21, and the parties filed two proposed schedules, ECF No. 22. The Court ordered the parties to adhere to the briefing schedule in *Widakuswara*, given the significant overlap of issues, and ordered a joint hearing for both cases. Min. Order of Apr. 10, 2025. The hearing took place on April 17, 2025, during which counsel for *Widakuswara* plaintiffs and the plaintiffs here, and the defendants (which are the same in both cases), all presented argument. The plaintiffs here focused specifically on the actions taken with regard to VOA and sought relief pertaining to VOA specifically.

The Court has granted the PI in *Widakuswara* as it pertains to VOA, ordering the defendants to "restore all USAGM employees and personal service contractors who were terminated pursuant to the Executive Order 14238, 'Continuing the Reduction of the Federal Bureaucracy,' to their status prior to March 14, 2025" and to "restore VOA programming such that USAGM fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news . . . .'" *See* Preliminary Injunction Order, No. 25-cv-1015 (RCL), ECF No. 98. This relief encompasses the relief sought by the plaintiffs here. For the reasons contained in the memorandum opinion accompanying the preliminary injunction Order in *Widakuswara*, the Court hereby

**ORDERS** that here, the plaintiffs' Motion for a Preliminary Injunction, ECF No. 4, is **GRANTED**.

Date: 4-22-25
2:45 P.M.

Royce C. Lamberth
United States District Judge