IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE, *in her official capacity as Senior Adviser to the Acting CEO of the United States Agency for Global Media, et al.,* <br><br> *Defendants.* | **Case No. 25-cv-00887 (RCL)** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR A PARTIAL STAY OF
THE PRELIMARY INJUNCTION PENDING APPEAL**

Plaintiffs Michael Abramowitz, Anthony LaBruto, and J. Doe 2 oppose Defendants' Motion for a Partial Stay of this Court's Preliminary Injunction Pending Appeal as it pertains to Voice of America (VOA), which is the sole focus of this case. Although Defendants' motion requests a "partial stay," as far as Plaintiffs can determine the motion is requesting a stay of all components of the preliminary injunction (PI) entered in this case.

Earlier this week, this Court granted Plaintiffs' Motion for a Preliminary Injunction and ordered Defendants to cancel their orders putting approximately 1,300 VOA employees on administrative leave, cancel the termination of personal services contracts with approximately 500 employees, and cease dismantling Voice of America by restoring VOA's personnel and operating capacities such that VOA may continue its broadcasting activities. ECF No. 29.

After failing to convince this Court that it should deny the preliminary relief Plaintiffs requested, the government now seeks the "extraordinary remedy" of a "stay pending appeal," *KalshiEX LLC v. CFTC*, 119 F.4th 58, 63 (D.C. Cir. 2024). As Mr. Abramowitz explained in his

April 2, 2025 declaration (ECF No. 19-1 at ¶¶ 1-2, 8-9), in addition to placing approximately 1,300 VOA employees on administrative leave and terminating the contracts of approximately 500 personal service contractors (PSCs), Defendants have cancelled the contracts for news wire services for video, image, and content on breaking news, have eliminated African transmitting stations, and have terminated contracts with most of VOA's vendors. Mr. Abramowitz also explained (*Id.* at ¶¶ 10-11) that "[w]ith each passing day it will become increasingly difficult and costly to reinstate or replace cancelled contracts that are needed for basic operations," and that VOA is "losing its audience." Finally, Mr. Abramowitz described the "precipitous declines in audience engagement across all major digital platforms," and that "in the fast-moving online media, every day dark represents major losses in hard-won reach and influence." *Id.* at ¶¶ 12-13.

The Court's PI order requires Defendants to immediately bring VOA employees back to work, void the contract cancellations of PSCs, and promptly begin the process of restoring the contracts described above so VOA can function at the level that it was functioning on March 14, 2025. The morning after the Court issued its injunction, Plaintiff Abramowitz sent Defendants Lake and Morales an email asking about their plans to bring VOA staff back to work, but he never received a response. *See* Ex. 1.

The Court entered its PI on April 22, and since that time Defendants have willfully failed to comply with the Court's injunction. VOA remains dark, its employees remain at home, and Defendants have not disclosed any plans to resume VOA's mandatory statutory functioning. Keeping the PI in place—and ensuring that Defendants comply with it—is all the more important in light of Defendants' evident belief that VOA does not need to come back on the air. And despite Defendants' protest, returning VOA and its employees to their March 14, 2025, status should be an unobjectionable aspect of the Court's order. Indeed, vacating Defendants' illegal actions and

returning to the status quo *ex ante* should be an uncontroversial measure to prevent further damage while the Court considers Plaintiffs' APA and the Constitution claims.

In support of their motion, Defendants have submitted the Declaration of Crystal Thomas which outlines "steps [being taken] to comply with the court's order." Thomas Declaration ¶ 3. Significantly, Defendants fail to inform the Court of the date when VOA employees will be allowed to go back to work, which is indefensible since the email placing employees on administrative leave was sent by Ms. Thomas at 9:59 am, Saturday, March 15, just one day after the President's Executive Order that set in motion the actions at the heart of this case. Exec. Order No. 14,238, 90 FED. REG. 13043, 13043 (Mar. 14, 2025) (also available at https://www.whitehouse.gov/presidential-actions/2025/03/continuing-the-reduction-of-the-federal-bureaucracy/). The email was effective immediately, and following this Court's injunction the Defendants should have sent an email to all employees inviting them back to work, which also should have been effective immediately. Ms. Thomas (¶ 8) says the agency is "taking steps to update payroll records" but does not explain why this would be necessary prior to bringing employees back to work. She also references "a series of threatening emails" (¶ 10), but again doesn't explain why these emails couldn't be addressed by taking security precautions or why the emails justify continuing to close the agency. Since Defendants have failed to allow VOA employees to return to work, they are already in violation of this Court's April 22 Order.

For the reasons this Court granted Plaintiffs' Motion for a Preliminary Injunction in this case, as explained in its accompanying preliminary injunction memorandum opinion in *Widakuswara v. Lake,* 25-cv-1017 and referenced in its order in this case, Defendants have not met the requirements for a stay pending appeal or for a temporary stay which Defendants requested in the alternative. See *KalshiEX*, 119 F.4th at 63. The Court has already found that Defendants have

not made a showing that they are likely to succeed on the merits; they have not demonstrated that they will irreparably be harmed before an appeal concludes; they have not shown that a stay will not substantially injure Plaintiffs, VOA's audience, and other persons interested in this proceeding; and they have certainly not shown that the public interests favors a stay. Given that the circumstances of this case have not changed in the last three days—and if anything, Defendants' intransigence has exacerbated the situation—Defendants' certainly have not satisfied the high burden they face at this juncture. The equities continue to favor Plaintiffs.

For the first time in this litigation, Defendants state that employees or contractors "may have been removed or terminated as a result of the [March 14, 2025] Executive Order" or for "other causes." Motion for Partial Stay, p. 6. But they never say how many employees were actually terminated for other causes between March 14 and the temporary restraining order entered in the *Widakuswara* case on March 28. While Defendants argue that they should be able to make routine management decisions regarding VOA, they never acknowledge that because of their actions VOA has not operated at all since March 15, or that in announcing the administrative leave Defendant Lake declared that the U.S. Agency for Global Media, which includes VOA, is "unsalvageable." Plaintiffs submit that this Court should promptly deny Defendants' motion for a stay so that its preliminary injunction order remains in effect continuing Defendants' obligation to comply.

## **CONCLUSION**

The Court should DENY Defendants' Motion for a Stay of the Preliminary Injunction Pending Appeal.

April 25, 2025                              Respectfully submitted,

*/s/ William B. Schultz*
William B. Schultz (D.C. Bar No. 218990)
Margaret M. Dotzel (D.C. Bar No. 425431)
Brian J. Beaton, Jr. (D.C. Bar No. 90020963)*
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
bbeaton@zuckerman.com

*Attorneys for Plaintiffs*
*\*Pro hac vice pending*