# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ *et al.*,<br><br>*Plaintiffs,*<br><br>–v.–<br><br>KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media;<br><br>VICTOR MORALES, in his official capacity as Acting CEO of the United States Agency for Global Media;<br><br>and<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA,<br><br>*Defendants.* | Case No. 25-cv-00887 |

## **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

**INTRODUCTION**

Defendants have offered no basis to stay the proceedings in this case. By definition, the D.C. Circuit's resolution of the Defendants' appeal of this Court's preliminary injunction will not definitively determine contested issues before this Court: it will only decide Plaintiffs' likelihood of success of each issue on appeal. Nor will the Circuit likely even address substantially all of the issues in this case. There is absolutely no reason to stay proceedings in this Court for the months that it will likely take for the Circuit to rule on the appeal.

Defendants' requested stay would also substantially delay this litigation before the Court decides Plaintiffs' motion to for an order to show cause, which demonstrates that Defendants have failed to comply with provision (3) of this Court's preliminary injunction, and before the development of a fuller record, all in the midst of Defendants' continued efforts to dismantle Voice of America. As Plaintiffs recently detailed in their motion for an order to show cause, ECF No. 37, the situation at VOA and USAGM has become more dire as only 2.5 percent of VOA's prior workforce has returned to work despite this Court's preliminary injunction. Defendants have already fired hundreds of VOA's personal service contract employees, have placed nearly all other employees on administrative leave, and have indicated that they intend to fire nearly the entire remaining workforce.

For these reasons, Defendants' motion seeking a stay at this juncture has absolutely no merit, particularly since it is Defendants who have created the continued need for proceeding expeditiously. The en banc D.C. Circuit confirmed that litigation related to Defendants' compliance with provision (3) of the preliminary injunction, including related to personnel actions, "may arise in further proceedings in the district court," which "presumably would consider [the issue] in the first instance." This includes "the Government['s assertion] that the district court lacks any authority under [provision (3)] 'to order personnel actions beyond those that the [government

itself] determines are necessary or appropriate to carry out its statutory mandate.'" No. 25-5145, Doc. #2117869 at 1 (D.C. Cir.) (statement of Chief Judge Srinivasan, joined by six other members of the en banc court). Defendants' requested stay would stymie those proceedings that the en banc court blessed, would jeopardize the viability of Voice of America, and would severely prejudice Plaintiffs as a result. Defendants' motion is yet another attempt to avoid complying with their statutory obligations.

At this point in this litigation, this Court is intimately familiar with many of the issues in this case. Judicial economy is not a one-way street, as Defendants seem to believe. The parties' and this Court's interests are best served by quickly proceeding such that the issues are definitively resolved. This Court should deny Defendants' motion to stay.[1]

## ARGUMENT

When a preliminary injunction or other interlocutory order is on appeal, it remains expected that the "case will proceed forward expeditiously in the district court." *Soc'y for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975). Consistent with this presumption, "the proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, (1997). At a minimum, a party seeking a discretionary stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "A court's stay order must be supported by a balanced finding that such need overrides the injury to the party

---

[1] Plaintiffs are not opposed to extending Defendants' time to respond to the complaint such that their deadline to respond lines up with the response deadline in *Widakuswara*—*i.e.*, July 18, 2025. *See* ECF No. 43 at 3.

being stayed." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (internal quotation marks omitted). Defendants have not remotely satisfied this showing.

*First*, the pending appeal of this Court's preliminary injunction, whether touching on the merits or on jurisdictional issues, will not dispose of this case because the D.C. Circuit will evaluate only Plaintiffs' "likelihood of success on the merits." *See, e.g.*, *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc) (explaining that a "court's finding of reasonable probability of success on the merits is not a resolution of any merit-based issue" (internal quotation marks omitted)); *Webb v. GAF Corp.*, 78 F.3d 53, 55–56 (2d Cir. 1996) (per curiam) ("[Q]uite different considerations are presented by a preliminary injunction that is entered prior to a final judgment on the merits, and a permanent injunction that constitutes a central component of such a final judgment."). This litigation remains dynamic as Defendants continue to take illegal actions to dismantle Voice of America and as the facts on the ground develop.[2] Defendants' metaphysical suggestion that "[a] stay would avoid the need to spend any time addressing dispositive issues that the D.C. Circuit will soon resolve itself," Defs.' Mot. at 4, is thus speculative at best and provides no basis to stay this case. *See, e.g.*, *Banks v. Booth*, No. CV 20-849 (CKK), 2021 WL 1634466, at *2 (D.D.C. Apr. 26, 2021) (rejecting request to stay case pending appeal of grant of preliminary injunction based on argument "that the resolution of … legal questions will alter the course of this litigation").

---

[2] By way of an example, the Fourth Circuit recently directed a district court to consider whether employment-related claims should be channeled in light of the effective non-functioning of the MSPB and related entities. No. 23-2235, Doc. No. 41 (4th Cir.) at 20 ("At the time the district court considered its jurisdiction over this matter, the functionality and independence of the MSPB and Special Counsel had not been called into question. This is no longer necessarily true…. If warranted, a new examination of Congressional intent may be required in light of changing circumstances around the MSPB and Special Counsel's removal protections.").

Even if resolution of Defendants' appeal would provide guidance on certain contested issues, Defendants all but concede that the Circuit's resolution will not affect a substantial portion of this case. *See* Defs.' Mot. at 2 n.1. Indeed, Defendants claim that their intended dispositive-motions practice will focus on "employment claims" and that this Court "lacks jurisdiction under the Tucker Act." *Id.* at 4. Though Plaintiffs disagree with Defendants' views on these issues, Defendants have not argued that Plaintiffs' entire case is subject to these issues.[3] Nor could they. Defendants' myriad violations of the international broadcasting statutes—the basis for provision (3) of this Court's preliminary injunction—do not concern either of the jurisdictional categories identified by Defendants. Regardless of how the Circuit resolves the appeal, this case will continue and a substantial portion of it will remain unaffected by any preliminary guidance from the Circuit. *See, e.g.*, *Honeywell*, 20 F. Supp. 3d at 132 (denying motion to stay case because there was no showing that "the pending partial summary judgment motions in the related cases will be dispositive of *all* issues in this case" (emphasis added)). The en banc D.C. Circuit effectively confirmed as much. No. 25-5145, Doc. #2117869 at 1 (D.C. Cir.).

As a corollary, neither the parties' nor this Court's resources will be served waiting for the Circuit's resolution of the preliminary-injunction appeal. *See Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 140 (D.D.C. 2016) ("[Movants'] claims regarding the impact of further proceedings on their time and resources simply do not justify a pause in this litigation, particularly because this argument is substantially based on [their] speculation about the downstream effect of the D.C. Circuit's resolution of the interlocutory appeal."). Rather, this Court's (and the parties')

---

[3] Likewise, Defendants never sought a stay of provision (3) of this Court's preliminary injunction, as Plaintiffs discussed in their motion for an order to show cause. *See* ECF No. 37.

5

resources will be better served by proceeding in this litigation without having to consider misguided procedural motion practice.[4] Judicial economy includes the interests of quickly and efficiently resolving cases absent a reason not to do so. Defendants have failed to provide such a reason.

*Second*, Defendants have failed entirely to articulate a "clear case of hardship or inequity" related to proceeding in this Court. *Honeywell*, 20 F. Supp. 3d at 132. Defendants appear to believe that they need only to show that Plaintiffs will not suffer hardship. Defs.' Mot. at 5. True, a showing by Plaintiffs that they will suffer harm will defeat a motion to stay, which as discussed below they clearly have. But it is the Defendants who must show that they will suffer hardship. Because "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity" especially when the case is being defended by "counsel for the United States, the richest, most powerful, and best represented litigant to appear before the Court," *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 21 (internal quotation marks and citations omitted, alteration adopted), Defendants have failed to carry their burden, *see also Banks*, 2021 WL 1634466, at *1–2 (denying motion to stay pending appeal of preliminary injunction when defendants failed to make out "clear case of hardship or inequity"); *Wrenn*, 179 F. Supp. 3d at 140 ("[Movants] hardly elaborate on the alleged harm to them, which does not seem to exceed the harm necessarily entailed in participating in this litigation.").

---

[4] Defendants' invocation of judicial economy, Defs.' Mot. at 4–5, is particularly ironic given that Defendants have now filed three motions to stay in this Court and filed their motion to stay this Court's preliminary injunction in the Circuit before this Court even ruled on the motion. Defendants' actions have wasted Plaintiffs' and this Court's resources. Defendants' efforts would be better directed to answering or otherwise responding to the complaint.

*Finally*, contrasted with Defendants' lack of articulated harm is the severe prejudice that Plaintiffs will face if they cannot continue litigating in this Court. At this point in the litigation, the record is replete with explanations of Plaintiffs' irreparable harm. *See, e.g.*, Mar. 25, 2025 Abramowitz Declaration, ECF No. 4-5; Apr. 2, 2025 Abramowitz Declaration, ECF 19-1; May 28, 2025 Abramowitz Declaration, ECF No. 37-2. Without any answer to the harms that Plaintiffs face, Defendants simply ignore them. On that basis alone, this Court can deny Defendants' motion for a stay. That harm compounds each day as VOA employees seek new jobs and audience members go elsewhere for their news. Moreover, as discussed in Plaintiffs' recent motion for an order to show cause, ECF No. 37, Defendants have failed to comply with this Court's preliminary injunction. By way of an example, Defendants have already fired hundreds of VOA employees. *Id.* at 8. As a result, VOA has remained shuttered and essentially defunct for almost three months, despite the temporary restraining order and this Court's preliminary injunction. Defendants continue to engender the emergency-type proceedings that have characterized this litigation to date through their continued illegal actions and non-compliance with the Court's preliminary injunction. A stay would compound these irreparable harms of Defendants' making.[5]

## CONCLUSION

Because Defendants have failed to meet their burden for a stay across the board, Plaintiffs respectfully request that the Court deny their motion for a stay.

---

[5] Defendants' speculation about when the D.C. Circuit might render a decision does not go to these harms. In any event, Defendants have no way of knowing when the Circuit might act once the case is fully briefed nearly two months from now.

Respectfully submitted,

*/s/ William B. Schultz*
William B. Schultz (D.C. Bar No. 218990)
Margaret M. Dotzel (D.C. Bar No. 425431)
Brian J. Beaton, Jr. (D.C. Bar No. 90020963)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
bbeaton@zuckerman.com

*Attorneys for Plaintiffs*