UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KARI LAKE, <br> Senior Advisor to the Acting CEO of U.S. Agency for Global Media, et al., <br><br> Defendants. | Civil Action No. 25-0887 (RCL) |

### REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STAY

Defendants Kari Lake, in her official capacity as a Senior Advisor to the Chief Executive Officer ("CEO") of United States Agency for Global Media ("Global Media"), Victor Morales, in his official capacity as Acting CEO of Global Media, and Global Media (collectively "Defendants" or "Global Media"), respectfully file this reply in further support of their motion to stay all proceedings pending the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) and *Abramowitz v. Lake*, No. 25-5145 (D.C. Cir.), or, alternatively, to allow thirty calendar days from issuance of any order denying this motion to respond to Plaintiffs' complaint.

### ARGUMENT

As demonstrated in Defendants' opening motion, a stay for the purpose of allowing the D.C. Circuit to determine issues that are potentially dispositive in this case—whether this Court lacks jurisdiction to provide relief on employment claims and lacks jurisdiction under the Tucker Act—is warranted. As discussed more fully below, Plaintiffs' opposition provides no basis to conclude otherwise and therefore, the Court should grant Defendants' motion.

*First*, as an initial matter, Plaintiffs argue that "Defendants' requested stay would also substantially delay this litigation before the Court decides Plaintiffs' motion to for an order to show cause." *See* Pls.' Opp'n (ECF No. 46) at 1. Plaintiffs are wrong. To be clear, as shared with Plaintiffs' counsel on June 9, 2025, the day before Plaintiffs' filed their opposition, Defendants are not seeking to stay provision (3) of the Court's April 22, 2025, preliminary injunction as set forth in the Memorandum Opinion in *Widakuswara v. Lake*, Civ. A. No. 25-1015 (RCL) (ECF No. 98)[1] or any of the deadlines associated with the pending motion relating to Defendants' compliance with provisions (3) of the Court's April 22, 2025, preliminary injunction (*see* ECF No. 37); thus, Defendants' stay motion will have no effect on Plaintiffs' motion for an order to show cause— much less substantially delay those proceedings.

*Second*, Plaintiffs argue that the pending appeal will not dispose of this case and, even if the pending appeal would provide guidance on contested issues, "Defendants all but concede that the Circuit's resolution will not affect a substantial portion of this case." *See* Pls.' Opp'n (ECF No. 46) at 4–5. This is incorrect. Although the pending appeal will not automatically dispose of this case, the guidance from the D.C. Circuit will undeniably affect a substantial portion of this case and resolve a core issue in this case—i.e., whether this Court has jurisdiction over Plaintiffs' claims. And "[a] court must answer this jurisdictional question before reaching the merits." *Vallejo Ent. LLC v. Small Bus. Admin.*, Civ. A. No. 22-1548 (RCL), 2023 WL 3275634, at *2 (D.D.C. May 5, 2023) (citing *Solis Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021)). Defendants have been steadfast that Plaintiffs' claims are nothing more than employment actions cloaked as administrative procedure or constitutional challenges and this Court lacks jurisdiction over this

---

[1]    Provisions (1) and (2) of the Court's April 22, 2025, preliminary injunction are stayed pending the D.C. Circuit's resolution of the merits of Defendants' appeal. *See Widakuswara*, No. 25-5144, Per Curiam Order (Dkt No. 2114139); *see also id.*, Order (Dkt No. 2117911).

case. *See, e.g.*, Defs.' Opp'n to Pls.' Mot. for a Prelim. Injunction (ECF No. 24) at 2, 14, 25. And the D.C. Circuit has already stated, in relevant part,

> The district court likely lacked jurisdiction over [Global Media'] personnel actions . . . We have long held that federal employees may not use the Administrative Procedure Act to challenge agency employment actions… Congress has instead established comprehensive statutory schemes for adjudicating employment disputes with the federal government… Federal employees may not circumvent [the requisite statutes'] requirement and limitations by resorting to the catchall APA to challenge agency employment actions. And that principle applies to a systemwide challenge to an agency policy . . . just as it does to the implementation of such a policy in a particular case. Yet plaintiffs may not use the APA to mount wholesale" challenges to an agency's entire program.

*See Widakuswara*, No. 25-5144, Per Curiam Order (Dkt No. 2114139) at 2–3 (citations and internal quotations omitted). Consequently, resolution of the jurisdictional issues is both necessary and potentially dispositive and will obviate any need for this Court to resolve that issue on its own.

*Third*, Plaintiffs argue Defendants have failed entirely to articulate a "clear case of hardship or inequity" related to proceeding in this Court and thus, the request to stay must be denied. *See* Pls.' Opp'n (ECF No. 46) at 6. Plaintiffs are incorrect. A party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [they pray] will work damage to someone else." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). But there is no possibility that the requested stay would cause any prejudice or undue hardship to Plaintiffs. This is because the jurisdictional issues are currently before the D.C. Circuit, the D.C. Circuit has stayed provisions (1) and (2) of the Court's April 22, 2025, preliminary injunction pending the D.C. Circuit's resolution of the merits of Defendants' appeal, and Plaintiffs still benefit from provision (3) of the Court's April 22, 2025, preliminary injunction. Because there is no harm to Plaintiffs should the Court grant the stay, Defendants were not required to allege hardship or inequity, and indeed Defendants' opening motion instead invoked judicial efficiency as the primary justification for the requested stay.

Regardless, Plaintiffs do not demonstrate that a stay would cause them meaningful harm. Plaintiff insists that this matter must be resolved immediately because any delay results in Voice of America employees seeking new jobs and audience members going elsewhere for their news. *See* Pls.' Opp'n (ECF No. 46) at 1, 7. Plaintiffs also insist that Defendants have violated the Court's April 22, 2025, preliminary injunction because Defendants fired hundreds of Voice of America employees and Voice of America has purportedly remained shuttered and defunct for almost three months. *Id.* Plaintiffs' argument fails for many reasons. As discussed in Defendants' opposition to Plaintiffs' motion for an order to show cause, Voice of America is meeting its statutory obligations under the International Broadcasting Act and complying with the Court's requirement that it serve, pursuant to its statutory mandate, as a "consistently reliable and authoritative source of news," *see* 22 U.S.C. § 6202(c). *See generally* Defs.' Opp'n (ECF No. 44). Plaintiffs' claims are unfounded and meritless. And because prong (3) of the injunction was not appealed and is not stayed, Plaintiffs are able to challenge any alleged non-compliance—as they are currently doing. Additionally, Plaintiffs ignore the fact that though this Court previously ordered Defendants to re-instate all employees as the agency existed before the March 14, 2025, Executive Order, that portion of the Court's injunction has been stayed pending appeal by the D.C. Circuit. *See Widakuswara* Per Curiam Order (Dkt No. 2114139). Further, delay in itself is not weighty enough of a concern to outweigh the harms to Defendants and the public interest that denying a stay would cause. *See United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003) ("A mere assertion of delay does not constitute substantial harm" for purposes of a motion to stay). Finally, the stay would be finite. While Defendants cannot predict when the D.C. Circuit will schedule an oral argument or issue a decision in *Widakuswara* and *Abramowitz*, there is no reason to assume that the duration of proceedings in Defendants' pending appeal will be unusually

long.  Indeed, briefing is scheduled to commence on June 25, 2025, and is scheduled to conclude on July 31, 2024.  *See Widakuswara* Per Curiam Order (Dkt No. 2119725).

*Lastly*, for all the reasons discussed, and contrary to Plaintiffs' assertions, a stay would serve the public interest.  A stay would serve the public interest by promoting judicial economy and convenience.  This Court should not expend its efforts and limited resources resolving the precise issues that the D.C. Circuit will address in *Widakuswara*, No. 25-5144 and *Abramowitz*, No. 25-5145, especially given how busy its docket is.  *See Landis*, 299 U.S. at 254 (courts may consider "economy of time and effort for itself" in resolving stay motion); *IBT/HERE Emp. Reps. Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) ("A trial court may, with propriety, find it is efficient for its own docket . . . to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").  That is especially so given that any district court decisions on the issue handed down before the D.C. Circuit rules may lead to contradictory results, further litigation, and appeals.[2]  Nor, for similar reasons, does it make sense for the parties to brief issues that the D.C. Circuit will soon resolve.  *See Landis*, 299 U.S. at 254 (stay may promote "economy of time and effort . . . for counsel, and for litigants"); *IBT/HERE Emp. Reps. Council* 402 F. Supp. 2d at 292 (stay may be "the fairest course for the parties").

\*   \*   \*

---

[2]  Staying the case would also avoid inefficiency or potentially contradictory results between related cases, as the parties have agreed and the Court has stayed the deadline to respond to plaintiffs' complaint in both *Radio Free Asia v. United States*, Civ. A. No. 25-0907 (RCL), and *Middle East Broadcasting Networks, Inc. v. United States*, Civ. A. No. 25-0966 (RCL)—which are being briefed on appeal in a consolidated manner with the *Widakuswara* and *Abramowitz* appeals, *see Widakuswara* Per Curiam Order (Dkt No. 2119725).

## CONCLUSION

For these reasons, this Court should stay this case pending the D.C. Circuit's issuance of a decision in *Widakuswara*, No. 25-5144 and *Abramowitz*, No. 25-5145.

Dated: June 16, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      D.C. Bar # 1632338
    BRENDA GONZÁLEZ HOROWITZ,
      D.C. Bar # 1017243
    Assistant United States Attorneys
    Civil Division
    601 D Street, NW
    Washington, DC 20530
    Main: (202) 252-2500

*Attorneys for the United States of America*