UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KARI LAKE,<br>Senior Advisor to the Acting CEO of U.S. Agency for Global Media, et al.,<br><br>        Defendants. | Civil Action No. 25-0887 (RCL) |

**CONSENT MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC***

Defendants Kari Lake, in her official capacity as a Senior Advisor to the Chief Executive Officer ("CEO") of United States Agency for Global Media ("Global Media"), Victor Morales, in his official capacity as Acting CEO of Global Media, and Global Media (collectively "Defendants" or "Global Media"), respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' Complaint to July 18, 2025. Prior to filing this motion, undersigned counsel conferred with Plaintiffs, through counsel, and Plaintiffs consent to the requested relief.

**BACKGROUND**

Plaintiffs bring this action alleging Defendants' actions violated the Administrative Procedure Act (Count I), the separation of powers principles (Count II), and the Take Care Clause (Count III), and that Defendants' actions are *ultra vires* (Count IV). *See generally* Compl. (ECF No. 1). Plaintiffs served the United States Attorney's Office with the summons and complaint on or around April 8, 2025, and Defendants' response to the Complaint was due on June 9, 2025. Prior to the June 9, 2025, deadline, however, Defendants moved to stay the District Court's proceedings pending the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*,

No. 25-5144 (D.C. Cir.) and *Abramowitz v. Lake*, No. 25-5145 (D.C. Cir.) or, in the alternative, moved to extend their deadline to respond to Plaintiffs' Complaint by thirty days. *See* Defs.' Stay Mot. (ECF No. 43) at 1-2. On June 23, 2025, the Court denied Defendants' motion to stay, given the ongoing nature of the pending Motions for an Order to Show Cause. *See* Order (ECF No. 50). The Court's June 23 Order did not address Defendants' alternative request—i.e., the request to extend Defendants' deadline to respond to Plaintiffs' Complaint by thirty days. *See id.* Consequently, because Defendants' deadline to respond to the Complaint has passed, Defendants now move for an extension of time *nunc pro tunc*.

## ARGUMENT

Excusable neglect warrants granting this motion. The four factors that guide the Court's determination of when a late filing may constitute "excusable neglect" includes: "(1) the danger of prejudice to the [opposing party]; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Each factor weighs in favor of granting Defendants' motion.

In terms of the first two factors, in light of Plaintiffs' position, Plaintiffs are not prejudiced by the late filing or extension request and the length of delay and its potential impact on judicial proceedings is minimal. Indeed, Defendants promptly moved to stay or extend their deadline to respond to Plaintiffs' Complaint on June 2, 2025, more than twenty days ago, and are moving now in advance of the July 18, 2025, proposed deadline. In terms of the third factor, the reason for the delay is that Defendants were waiting for the Court to issue a decision on their motion to stay and

extension of time request. The Court only recently issued a decision, which was after Defendants' June 9, 2025, deadline. The Court's June 23 Order addressed Defendants' request to stay the District Court's proceedings but did not address Defendants' alternative request to extend their deadline to respond to the Complaint by thirty days. Nevertheless, after receiving the Court's decision, Defendants immediately sought Plaintiffs' position on the requested extension and filed the instant motion. Also, in terms of the fourth factor, Defendants have acted in good faith and there is no evidence to suggest otherwise. Indeed, the instant motion is filed in the interest of justice and not for the purposes of gaining any unfair advantage through delay. Lastly, granting Defendants' motion will not significantly affect any future deadlines. Accordingly, given these circumstances, excusable neglect warrants granting Defendants' motion and Defendants respectfully request an extension of time.

WHEREFORE, Defendants respectfully request, with Plaintiffs' consent, that the deadline to file their response to Plaintiffs' Complaint be extended to July 18, 2025. A proposed order is enclosed herewith.

Dated: June 25, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Stephanie R. Johnson*
      STEPHANIE R. JOHNSON,
          D.C. Bar # 1632338
      BRENDA GONZÁLEZ HOROWITZ,
          D.C. Bar # 1017243
      Assistant United States Attorneys
      Civil Division
      601 D Street, NW
      Washington, DC 20530
      Main: (202) 252-2500

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ABRAMOWITZ, et al.,

    Plaintiffs,

  v.

KARI LAKE,
Senior Advisor to the Acting CEO of U.S. Agency for Global Media, et al.,

    Defendants.

Civil Action No. 25-0887 (RCL)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' consent motion for an extension of time *nunc pro tunc* in this action, and the entire record herein, it is hereby

ORDERED that Defendants' consent motion is GRANTED; and it is further

ORDERED that Defendants shall respond to Plaintiffs' Complaint by July 18, 2025.

SO ORDERED.

_____
Dated

_____
ROYCE C. LAMBERTH
United States District Judge