**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PATSY WIDAKUSWARA**, *et al.*, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **KARI LAKE**, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media, *et al.*, <br><br> *Defendants*. | **Case No. 1:25-cv-1015-RCL** <br> **Case No. 1:25-cv-0887-RCL** |
| **MICHAEL ABRAMOWITZ**, et al., <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **KARI LAKE**, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media, *et al.*, <br><br> *Defendants*. | |

**MEMORANDUM ORDER**

On April 22, 2025, upon finding that the defendants likely violated several provisions of the Administrative Procedure Act (APA), this Court ordered the defendants to "restore VOA programming such that USAGM fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news.'" *See Widakuswara v. Lake*, --- F. Supp. 3d ---, No. 1:25-cv-1015-RCL, 2025 WL 1166400, at *18 (D.D.C. Apr. 22, 2025) ("Preliminary Injunction"). This portion of the Court's preliminary injunction remains in full effect. On June 23, 2025, the Court held a hearing on the pending Motions for an Order to Show Cause, filed in both

*Widakuswara v. Lake* and *Abramowitz v. Lake*, regarding the defendants' alleged noncompliance with this part of the preliminary injunction. At the conclusion of the hearing, the Court ordered the defendants to file a "supplemental memorandum with additional information regarding USAGM's recent activities, including any relevant information about USAGM funding decisions, personnel updates, and submissions to Congress." *See* Order, *Widakuswara* ECF No. 121, *Abramowitz* ECF No. 53. The defendants filed the supplemental memorandum on June 27. *See* Resp. to Order of the Court ("Gov't Suppl. Mem."), *Widakuswara* ECF No. 123, *Abramowitz* ECF No. 54. Both sets of plaintiffs then filed a reply on July 2. *See Widakuswara* Reply, ECF No. 124; *Abramowitz* Reply, ECF No. 55.

The Court, having now reviewed all filings, is still unable to get a clear picture of how VOA is operating or how the agency plans to operate VOA moving forward.

For example, the defendants cite VOA's ramped-up Persian news programming in the aftermath of the recent Israeli air strikes against Iran as a successful demonstration of VOA's capacity to report the news. *See* Gov't Suppl. Mem. at 8 (stating that VOA "retains the capability, with its lean staff, to respond to events as they are happening around the world"); Wuco Decl. ¶ 4, ECF No. 123-1 (referring to the coverage as a "surge operation that was highly successful"). The defendants emphasize their ability to "exercise[] recalls, as appropriate," and maintain their "access to critical talent" to carry out operations as needed. Wuco Decl. ¶ 4, 20. But at the same time, the defendants also attach their submission to Congress on June 3rd, showing their intent to fire those very Persian News Network staffers as part of the impending reduction-in-force (RIF). *See* June 3 Notification to Senator Graham, ECF No. 123-3 (indicating plan to retain only 11 VOA positions and 2 Farsi language positions). Faced with this record, the Court cannot rely on the

defendants' latest representation of the Persian News Network "surge operation" as any measure of compliance.

Indeed, across the board, the defendants fail to provide any concrete staffing numbers to the Court. The reported staffing level—"86 employees working for Voice of America and the Office of Cuba Broadcasting"[1]—comes with a caveat: that "[t]hese numbers are anticipated to change with anticipated flux, including a reduction in force, and as [USAGM] responds to current events as needed." Gov't Suppl. Mem. at 9. The Court cannot discern the defendants' intent to "restore VOA programming," as required by the preliminary injunction, based on such a noncommittal representation. Of course, the Court does not mean to give the impression that staffing or other operational decisions must be permanent to allow for this Court's review. Personnel decisions are within the agency's purview, as this Court has previously emphasized. *See Widakuswara v. Lake*, No. 1:25-cv-0887-RCL, 2025 WL 1210937, at *3 (D.D.C. Apr. 25, 2025) (denying government's motion for a stay of the Court's preliminary injunction). But "[w]hile the agency does have discretion regarding how it discharges its statutory responsibilities, that discretion is neither boundless nor shielded from judicial review and remediation." Clerk's Order No. 2117869 Regarding Denial of Rehearing *En Banc*, No. 25-5144 (D.C. Cir. May 28, 2025) (Statement of Pillard, J.). And as it stands, the defendants have not made personnel representations that this Court can evaluate. The defendants need to provide information on staffing that gives a realistic picture of how VOA will be operating moving forward, without touting activities undertaken by staff that will soon be fired.

---

[1] The Court notes that the staffing levels at the Office of Cuba Broadcasting are irrelevant, because Part III of the Court's preliminary injunction focused specifically on VOA. The Office of Cuba Broadcasting is a separate entity within USAGM.

Beyond the unpredictable staffing levels, the Court observes several other deficiencies in the defendants' supplemental memorandum. It contains no reference to the agency's Fiscal Year 2025 budget justification or why the defendants have decided to abandon it. The Court therefore does not have a sense of how the defendants are using the $260 million that has been appropriated for VOA for Fiscal Year 2025. *See* Explanatory Statement Submitted by Ms. Granger, Chair of the House Committee on Appropriations, Regarding H.R. 2882, Further Consolidated Appropriations Act, 2024, 170 Cong. Rec. H1501, H2089 (Mar. 22, 2024).

Furthermore, the supplemental memorandum contains no information on *how* the defendants determined the activities it would undertake to "restore VOA programming such that USAGM fulfills its statutory mandate." For example:

- None of the defendants' filings have explained why the defendants zeroed in on Dari, Pashto, Farsi, and Mandarin as the only statutorily-required languages for VOA broadcasting, when VOA was previously broadcasting in forty-eight different languages.

- The defendants report that they are broadcasting shortwave from Greenville, South Carolina, which "signal blankets all Latin America and the Caribbean." Gov't Suppl. Mem. at 6. But none of the four languages that VOA has identified are even spoken in those regions. The defendants have not explained this broadcasting decision, which on its face appears irrational.

- The defendants have never explained the decision to exclude Africa from their plan to run VOA. They emphasize the "absence of any clear directive" to broadcast to those regions, Gov't Suppl. Mem. at 5, but that does nothing to explain the agency's

*decisionmaking process* in taking the drastic action of cutting out those regions wholesale.

In short, the defendants need to provide more information. As it stands, the Court still does not have a clear picture of what VOA is doing, what the defendants' plan is for VOA moving forward, or how the defendants made any of these decisions. Without this information, the Court cannot determine the defendants' compliance with the preliminary injunction. Therefore, the Court will provide the defendants with another opportunity to respond to the Court, specifically responding to the issues highlighted above.[2]

To that end, it is hereby

**ORDERED** that the defendants shall, within ten days, file a second supplemental memorandum responding to the points identified by the Court in this Order. The Court will then afford the plaintiffs the opportunity to file another reply.

**IT IS SO ORDERED.**

Date: July __9__, 2025

                                                Royce C. Lamberth
                                                United States District Judge

---

[2] The Court reminds the defendants that mere reference to the Executive Order is not sufficient for APA compliance. *See State v. Su*, 121 F.4th 1, 17 (9th Cir. 2024) ("[T]he executive order does not exempt [the agency] from basic APA requirements of reasoned decisionmaking."); *Louisiana v. Biden*, 622 F. Supp. 3d 267, 294–95 (W.D. La. 2022) (citation omitted) ("A decision supported by no reasoning whatsoever in the record cannot be saved merely because it involves an Executive Order.").