IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*,<br><br>*Plaintiffs,*<br><br>–v.–<br><br>KARI LAKE, in her official capacity as Senior Adviser at the United States Agency for Global Media;<br><br>VICTOR MORALES, in his official capacity as Acting CEO of the United States Agency for Global Media;<br><br>and<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA,<br><br>*Defendants.* | **Civil Action No. 1:25-cv-00887-RCL** |

## NOTICE OF DIRECTOR ABRAMOWITZ'S PROPOSED TERMINATION

Two days after this Court ordered Defendants to demonstrate their compliance with a preliminary injunction that requires them to follow the law, Defendants informed Plaintiff Michael Abramowitz that he would be terminated from federal service. The basis for this termination: After Director Abramowitz insisted that Defendants follow the law should they wish to remove him from his position and reassign him to another, they deemed this insistence a refusal to accept a reassignment, and informed him that they would terminate his employment on that basis. Director Abramowitz submits this notice to inform the Court of this development, which is relevant to his pending motion for partial summary judgment. *See* ECF No. 59.

The history of this issue is laid out in that motion. In brief, on July 8, 2025, Defendants sent Director Abramowitz a letter stating that he would be removed from his "current position of Director, Voice of America" and reassigned to a different one—as Chief Management Officer in Greenville, North Carolina. ECF 59-1, Declaration of Michael Abramowitz (7-23 Abramowitz Decl.), Attach. A. at 1. The letter informed him that, if he did not "accept" this removal by July 29, 2025, he would face "adverse action procedures." *Id.*

Defendants have no authority to take this action—that lack of authority is the basis for Plaintiff's motion for partial summary judgment. Congress expressly provided that the "head[] of Voice of America . . . *may only be . . . removed if* such action has been approved by a majority vote of the [International Broadcasting] Advisory Board." 22 U.S.C. § 6205(e)(1) (emphasis added). No such vote has been taken. 7-23 Abramowitz Decl., ¶ 4.

Director Abramowitz thus responded to Defendants' letter in the only way consistent with his duty to uphold VOA's statutory mission: by pointing out in his email responding to Defendants that the decision to "remove [him] from [his] position as Director of Voice of America[] . . . is illegal" because, "[u]nder the law," the VOA director "can only be removed . . . with the approval of the International Broadcasting Advisory Board." Exhibit 1, Declaration of Michael Abramowitz (Abramowitz Decl.), ¶ 4.

In this Court's July 30 Order to Show Cause, this Court found it "shocking[]" that Defendants made this decision, and did so on "the day this Court ordered a second round of supplemental briefing" on the show cause motion. ECF 62 at 4.

Two days later, on August 1, Defendants went even further than they had before. At approximately 4:00 p.m. on that Friday, they sent Director Abramowitz a letter notifying him that they intended to "remove [him] from the . . . Federal Service" altogether, in addition to removing

2

him from his position as VOA director.  Abramowitz Decl., Attach. A at 1.  The letter says that his proposed removal "will be implemented no earlier than 30 days from the date you receive this Notice," which would be Sunday, August 31.  *Id*. The August 1 letter acknowledges that Director Abramowitz has "a history of outstanding work performance" and has "demonstrated dependability" in his role as VOA director.  *Id.* at 3.[1]

Rather, the sole basis for Director Abramowitz's termination is his "failure to accept a directed geographic reassignment."  *Id.* at 1.  That "failure" is his response insisting that, without a vote of the International Broadcasting Advisory Board, a "reassignment" that removed him from his position was unlawful.  Abramowitz Decl., ¶ 4.  But the termination letter does not mention Director Abramowitz's response or explain how Defendants could lawfully remove Director Abramowitz without a vote of the International Broadcasting Advisory Board.  In fact, Defendants have previously acknowledged that they cannot.  In now-Acting CEO Kari Lake's June 3, 2025 Congressional Notification, she acknowledged that "[t]he head[] of Voice of America . . . may only be . . . removed if such action has been approved by a majority vote of the Advisory Board."  ECF No. 54-3, Letter to Senator Graham at 3.

But Defendants plan to unilaterally fire Director Abramowitz anyway.  Right in the middle of litigation about Defendants' willingness to follow the law, they are firing Director Abramowitz for refusing to accept a reassignment because he insisted that Defendants follow the law.

---

[1] Even though Defendants have no unilateral authority to fire Director Abramowitz under the general "adverse action procedures" they cite given Congress's later-enacted and targeted removal protection in 22 U.S.C § 6205(e)(1), it is worth noting that they did not even properly follow these procedures.  *See* Abramowitz Decl., ¶¶ 6-7.

3

Included with this notice is a declaration of Michael Abramowitz, which attaches Defendants' August 1, 2025 letter.

Plaintiff respectfully requests a decision on his motion for partial summary judgment, *see* ECF 59, by Friday, August 29, 2025, two days in advance of the date the termination will become effective.

Dated: August 4, 2025                     Respectfully submitted,

*/s/ William B. Schultz*
William B. Schultz (D.C. Bar No. 218990)
Margaret M. Dotzel (D.C. Bar No. 425431)
Brian J. Beaton, Jr. (D.C. Bar No. 90020963)
Jacobus P. van der Ven (D.C. Bar No. 1644774)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
bbeaton@zuckerman.com
cvanderven@zuckerman.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that, on August 4, 2025, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

                                                             /s/ *William B. Schultz*
                                                              William B. Schultz

                                                              *Attorney for Plaintiffs*