**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*,<br><br>*Plaintiffs,*<br><br>–v.–<br><br>KARI LAKE, in her official capacity as Senior Adviser at the United States Agency for Global Media;<br><br>VICTOR MORALES, in his official capacity as Acting CEO of the United States Agency for Global Media;<br><br>and<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA,<br><br>*Defendants.* | **Civil Action No. 1:25-cv-00887-RCL** |

**DECLARATION OF MICHAEL ABRAMOWITZ**

1.  On April 19, 2024, the then-CEO of the U.S. Agency for Global Media appointed me to be the director of Voice of America. The International Broadcasting Advisory Board unanimously approved my appointment.

2.  At 4:36 p.m. on August 1, 2025, I received an email from a member of the Office of Human Resources at the United States Agency for Global Media. The email read: "Attached please find a Notice of Proposal to Remove you from your position as VOA Director and the federal service as well as associated supporting documents."

3. The referenced letter proposing to remove me from my position, signed by John A. Zadrozny, is enclosed as **Attachment A**. Email addresses and phone numbers have been redacted from this letter.

4. According to the letter, the supporting documents included a copy of my email that "declined the reassignment." Attach. A at 2. The corresponding exhibit in the supporting documents, however, is blank. Given that Defendants' August 1 letter references my response to their July 8 letter, I have included that response below, sent on July 29, 2025:

> This is in response to the Notice of Directed Reassignment in a Memorandum from Victor Morales, Acting CEO of the U.S. Agency for Global Media. The notice asked for a response by today, but my understanding is that Mr. Morales is no longer the Acting CEO. My initial question is whether in the absence of a CEO the request is still operative?
>
> I am sending this response to the participants other than Mr. Morales who participated in the July 8 zoom call notifying me of the reassignment.
>
> This notice, which would remove me from my position as Director of Voice of American on September 6, 2025 or potentially before that if I refuse the transfer, is illegal. Under the law, I can only be removed from my position as director of VOA with the approval of the International Broadcasting Advisory Board. No such action has been taken. A complete analysis of the illegality of the plan to remove me is provided in the Motion for Partial Summary Judgment that I filed in my case, *Abramowitz v. Lake*, on July 23, 2025.
>
> Also, I note that the July 8, 2025 memorandum states that I have been consulted "regarding the reasons for, and [my] preferences with respect to, the proposed reassignment." This is not accurate.
>
> Sincerely,
>
> Michael Abramowitz
> Director of Voice of America

5. In response to my question, I was told via email that the notice was still operative. That email asked again whether I accepted or declined. Later on July 29, 2025, I wrote:

> Thank you. I have already provided my complete response. I direct your attention to the July 18 letter I sent to counsel for the defendants, as well as the motion for partial summary judgment my counsel filed. Also now that Acting CEO Morales has been

2

placed on administrative leave, please provide me with the name of the person who will be making any decisions applicable to me.

6.    Like Defendants' July 8, 2025 letter, the letter I received on August 1, 2025 claims that "USAGM met its statutory obligation to consult with you on July 8, 2025, regarding the reasons for, and Mr. Morales's preferences concerning, the proposed reassignment." As I stated in my previous declaration, that is not true. *See* ECF 59-1, Declaration of Michael Abramowitz, ¶ 16. I was not told of the reason for this reassignment during the July 8 meeting, nor, contrary to what the July 8 letter asserted, was I ever asked for my "preferences."

7.    In addition, the August 1 letter claims that "it was indicated that your presence in Greenville was needed to support an evaluation of the potential for an expanded USAGM staff presence at that facility." This purported rationale does not make sense. I understand that Defendants have indicated that they only plan to broadcast in four languages at VOA (Mandarin, Farsi, Pashto and Dari). But the Greenville station, which has historically provided shortwave radio broadcasts mainly to West Africa and Latin America, does not serve countries that speak any of those languages.

On this 4th day of August 2025, I declare under penalty of perjury that the foregoing declaration is true and correct.

                                                     */s/ Michael Abramowitz*
                                                     Michael Abramowitz

**Attachment A**



330 Independence Avenue SW | Washington, DC 20237 | usagm.gov

August 1, 2025

**<u>Via Electronic Mail and Federal Express</u>**

Michael Abramowitz
Director, Voice of America
U.S. Agency for Global Media
█████████████████████████

**SUBJECT:** Notice of Proposal to Remove

Dear Mr. Abramowitz:

This is notice that I propose your removal from the position of Director of Voice of America ("VOA"), ES-1001, with the United States Agency for Global Media ("USAGM" or "Agency"), and the Federal Service. This action is being taken pursuant to 5 C.F.R. § 752.603 and 5 U.S.C. § 7543(a) et seq. for Declining Geographic Reassignment (the "Charge"). For the reasons specified below, I am proposing that your failure to accept a directed geographic reassignment warrants removal from your position for such cause as to promote the efficiency of the Federal service. This action will be implemented no earlier than 30 days from the date you receive this Notice.

## **<u>BACKGROUND</u>**

As Director of VOA, your role is central in both shaping the agency's global media operations and ensuring alignment with the VOA Charter and U.S. international broadcasting standards. You lead all VOA operations, contribute to strategic planning across USAGM, and serve as a key advisor and representative on matters of international media.

On July 8, 2025, you received a memorandum from Acting Chief Executive Officer (CEO) Victor Morales notifying you of a directed reassignment. The letter stated that effective September 6, 2025, you would be reassigned from your current position as Director of VOA, ES-1001, Duty Station Washington, D.C., to the position of Chief Management Officer, ES-0301, Duty Station Greenville, North Carolina. *See attachment 1.* Along with this notice, you were given the position description for the Chief Management Officer position, which was to be your new position at Duty Station Greenville. *See attachment 2.*

As outlined in the memorandum, USAGM met its statutory obligation to consult with you on July 8, 2025, regarding the reasons for, and Mr. Morales' preferences concerning, the proposed reassignment, as required by 5 U.S.C. § 3395(a)(2)(B)(i)(I). Specifically, it was conveyed to you

     

that this geographic reassignment was needed to ensure adequate front-office supervision of USAGM's primary domestic transmission facility for VOA content during this key transitional period. Additionally, it was indicated that your presence in Greenville was needed to support an evaluation of the potential for an expanded USAGM staff presence at that facility.

The memorandum further directed you to complete and return the acknowledgment section to the Office of Human Resources at ExecutiveResources@usagm.gov no later than July 29, 2025. It also stated in no uncertain terms that, should you decline to accept the reassignment, you would be subject to removal under adverse action procedures pursuant to 5 U.S.C. § 7543. On July 29, 2025, you declined the reassignment. *See attachment 3.*

**Charge 1: Declination of Geographic Reassignment**

**Specification:** On July 8, 2025, the Agency issued a memorandum notifying you of your directed geographic reassignment from your position as Director, Voice of America (VOA), ES-1001, located in Washington, D.C., to the position of Chief Management Officer, ES-0301, located in Greenville, North Carolina, with an effective date of September 6, 2025. You did not accept the reassignment.

## **PENALTY DISCUSSION**

In making the penalty determination for the aforementioned charges, we have considered the following Douglas Factors:

**(1) Nature and seriousness of the offense(s) and its relation to your duties, position, responsibilities as well as the job level and whether the offenses were intentional or technical or inadvertent or were committed maliciously or for gain or were frequently repeated.**

Your failure to accept a directed geographic reassignment directly relates to your job duties and responsibilities as the Director of VOA. In this position, you are responsible for overseeing all aspects of VOA's operations, including strategic planning, policy implementation, and program execution to ensure alignment with the VOA Charter and U.S. International Broadcasting standards. You are required to contribute to agency-wide planning and budgeting efforts, promote collaboration with other USAGM entities, and advise senior leadership on matters related to U.S. international media. Additionally, you represent VOA in high-level engagements across government, media, and external organizations.

You also report directly to the Acting CEO, who provides broad direction, while relying on you to operate with a high degree of independence to meet strategic objectives. The reassignment to Greenville was strategically aligned with agency priorities. Specifically, your presence at the Edward R. Murrow Transmitting Station was needed to ensure executive level oversight and leadership during a critical period. This new role would have included directing and focusing staff at the facility on clearly defined operational and strategic priorities, while continuing to maintain and improve day-to-day operations there. It also involved providing regular feedback, direction, and training to ensure the facility staff remained engaged in fulfilling key agency objectives, including efforts to streamline agency functions in accordance with statutory requirements.

Your refusal to accept reassignment during this strategic realignment period demonstrates a failure to meet the Executive Core Qualification (ECQ) of Leading Change (outlined in your position description), a fundamental expectation of Senior Executive Service members. This ECQ includes the ability to lead with resilience, *flexibility* (emphasis added), and vision in a changing environment and to drive strategic objectives through innovation and external awareness. The Greenville role is central to streamlining agency functions and reinforcing statutory compliance, making it essential that the agency place a senior executive who exemplifies these competencies.

As a senior executive, you occupy a high-level leadership position in the agency and are well compensated for that role, and I expected you to demonstrate flexibility and responsiveness to organizational needs, including geographic mobility when such is required for mission critical operations.

While I do not find that your decision was malicious, for personal gain, or part of a pattern of repeated offenses, your refusal to accept the reassignment is serious.

**(2) The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position.**

I must emphasize again that you hold a senior executive position as the Director of VOA, one of the most prominent and visible roles within USAGM. This position carries significant leadership, supervisory, and fiduciary responsibilities, including oversight of all VOA operations, contribution to agency-wide strategic planning, and direct engagement with high-level government officials. You represent the VOA within and outside the agency, including with senior officials within the White House, the Department of State, outside organizations, major media entities, and various other associations and groups. Your role also involves representing the agency in public forums and with external media organizations, making it highly visible both domestically and internationally.

Given the prominence of the position and its direct impact on the agency's global mission, the expectation for flexibility, accountability, and responsiveness is elevated.

**(3) The employee's past disciplinary record.**

HR records indicate that you do not have any prior disciplinary actions on record.

**(4) The employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability.**

You joined the Agency on June 24, 2024, and you have been in the Federal government a little over one year. You received a recruitment incentive and a performance cash award during your tenure with USAGM. *See attachment 5*. You have a history of outstanding work performance, and those are mitigating factors. *See attachment 6.*

3

While you have demonstrated dependability at your current duty station in Washington, D.C., your refusal to accept a geographic reassignment raises concerns about your continued reliability in fulfilling the broader responsibilities expected of a Senior Executive Service employee. Your unwillingness to respond to mission-driven assignments, particularly those requiring relocation, limits my ability to depend on you in a full executive capacity moving forward.

**(5) The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's work ability to perform assigned duties.**

By declining the reassignment, you have communicated your unwillingness to carry out a critical assignment identified by agency leadership as necessary to meet the leadership needs in Greenville.

We must have confidence that senior executives such as yourself would carry out your duties wherever your leadership is most needed. While you have the skills to do the work, your decision not to accept the reassignment has made it difficult for me to trust that you can carry out the full responsibilities of your executive role. Because of this, I no longer have confidence in your ability to perform your duties or meet work expectations going forward.

**(6) Consistency of the penalty with those imposed upon other employees for the same or similar offenses.**

**(7) Consistency of the penalty with any applicable agency table of penalties.**

These factors are not applicable because USAGM does not have a table of penalties.

**(8) The notoriety of the offense or its impact upon the reputation of the agency.**

This factor is not applicable.

**(9) The clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question.**

You were clearly advised in the July 8, 2025, conversation with, and memorandum from, Mr. Morales that the directed geographic reassignment was being made pursuant to 5 U.S.C. § 3395 and 5 C.F.R. § 317.901. The memorandum also explicitly stated that failure to accept the reassignment would subject you to removal under adverse action procedures.

This memorandum provided you notice regarding the consequences of declining the reassignment. Therefore, you were fully aware of both the agency's authority to direct the reassignment and the potential outcome of removal from your position should you choose not to comply.

4

**(10) The potential for the employee's rehabilitation.**

In my view, your refusal was not due to an inability to perform your duties, but rather a personal decision not to accept the relocation. Given your unwillingness to conduct the reassignment, and the lack of indication that you would be open to at least deferring the effective date of the reassignment, I do not see any room for your rehabilitation.

**(11) Mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter.**

I am not aware of any mitigating circumstances that would explain your misconduct in this case.

**(12) The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.**

You were clearly told that declining the reassignment could lead to removal from your position, and despite that, you chose not to accept the reassignment to Greenville. Because of that, a lesser action like a warning, a letter of reprimand, or suspension would not be effective. Your decision shows that you were not willing to follow through on a critical directive, even knowing the possible outcome. Under these circumstances, removal is the most appropriate and effective course of action. I find that the charge on its own is serious enough to warrant removal and there is no other adequate or alternative sanction for this charge.

## CONCLUSION

I do not believe there are any mitigating circumstances that would sway my decision in proposing your removal. As such, removal from your position as Director of VOA is warranted and hereby proposed for such cause as to promote the efficiency of the Federal service.

## NOTICE OF OPPORTUNITY TO RESPOND

You have the right to reply to this proposal orally, in writing, or both, within seven (7) calendar days from the date you receive this notice. You may submit affidavits and other documentary evidence to support your response(s), if you wish. Any reply you make will be considered in reaching a final decision. You must present your reply(s) to the deciding official, Kari Lake, Acting Chief Executive Officer of USAGM. Your written reply should be forwarded to Ms. Lake at the address below:

        Kari Lake
        c/o Michelle Stewart –
        Labor and Employee Relations Division
        Office of Human Resources Room #2139
        United States Agency for Global Media
        330 Independence Ave., SW Washington, DC 20237

If you wish to reply orally, you should contact Ms. Michelle Stewart, of the Labor and Employee Relations Division, at ▮▮▮▮▮▮▮▮▮▮ to schedule an appointment. The oral reply must be presented within the seven-calendar-day reply period. Ms. Lake will consider extending the time limit for submitting your reply(s) if you submit a written request to Ms. Lake (c/o Ms. Stewart) in advance of the deadline, explaining your reasons for needing more time.

You have the right to be represented by an attorney or other representative of your choice, in all matters related to the preparation and presentation of your reply(s). If you wish to have a representative you must submit, in writing, his/her name, title (if any) and address to Ms. Lake (c/o Ms. Stewart) within the seven-calendar-day reply period.

You and/or your representative are also entitled to review the materials relied upon to support the reasons for this proposed action. The relevant documentary materials are enclosed for your review. Any timely reply to this proposal will be carefully considered before a decision is made. As soon as possible after receipt of your reply or after the expiration of the 10-calendar-day reply period if you do not reply, but no sooner than 30 days from the date of this action, Ms. Lake will issue a written decision.

## **NOTICE OF APPEAL RIGHTS AFTER A DECISION ON THIS PROPOSAL**

The following is provided regarding your rights to appeal the decision on this Proposal once a decision on this Proposal is issued to you at a later date. Please note, some decisions may not be appealable in every forum listed below. You will receive another notice of your appeal rights again once a decision is reached.

Please read this notice very carefully, as it explains important information concerning your election of remedies.[1]

You may file an appeal of the decision on this Proposal with the U.S. Merit Systems Protection Board ("MSPB") *OR* you may file a claim of prohibited personnel practices with the U.S. Office of Special Counsel ("OSC"). Please note: You may *not* file with both MSPB and OSC.

If you believe USAGM's decision was based on discrimination, you may file an EEO claim with the Agency's Office of Civil Rights ("OCR"). Filing an EEO does not limit your right to file a claim with OSC.

You may also have the option of filing a "mixed case" with MSPB to include a claim of discrimination and your appeal of this decision. ***Please note:*** If you choose this option, you may not also file with EEO or OSC.

**(1) MSPB Appeal**

If you elect to appeal to MSPB, your appeal must be filed in writing within thirty (30) calendar days after the effective date of the decision on this action. Your appeal should include the reasons

---

[1] For more information about your election of remedies, please see 5 U.S.C. § 7543(g), 5 C.F.R. § 752.605 and 29 C.F.R. § 1614.302.

for contesting this action and any offer of proof and pertinent documents that you are able to submit. You may file an appeal electronically at www.mspb.gov by following the link to e Appeal Online.[2] Filing may also be made by mail, facsimile, commercial overnight delivery, or personal delivery to the following address:

>U.S. Merit Systems Protection Board
>Washington, DC Regional Office 1901 S. Bell Street, Suite 950
>Arlington, VA 22202
>Fax: (703) 756-7112

Any communication from MSPB, including the Acknowledgement Order and a copy of the appeal, should be sent to:

>Alexis Anderson
>Assistant General Counsel
>U.S. Agency for Global Media Office of General Counsel
>330 Independence Ave., SW, Suite 3349
>Washington, DC 20237

*Please note:* If you elect to appeal the decision on this Proposal to MSPB, you may *not* also file a claim on the same action(s) at OSC. If you wish to include a claim of discrimination in your MSPB appeal, you must file a "mixed case" and you will *not* be able to also file a claim with EEO. More information about a "mixed case" claim is provided in Section (4) below.

**(2) OSC Claim of Prohibited Personnel Practices**

Alternatively, you may file a claim of prohibited personnel practices with OSC.[3] You may file electronically at www.osc.gov or you may download a complaint form (OSC Form 14) from OSC's website, fill out the form electronically or by hand, and mail or fax it to OSC at:

>U.S. Office of Special Counsel
>1730 M Street, NW, Suite 218
>Washington, DC 20036
>Fax: (202) 254-3711

*Please note:* If you elect to file acclaim with OSC, you may *not* also appeal the same action to MSPB. However, you may also file a claim with EEO.

---

[2] You can find more information about MSPB, including MSPB's regulations, at https://www.mspb.gov/appeals/appeals.htm.

[3] See 5 U.S.C. § 2302(b) for a description of the fourteen (14) prohibited personnel practices.

7

### (3) EEO Claim of Discrimination

If you believe the decision on this action was taken because of your race, color, religion, sex, national origin, disability, age, genetic information, or in retaliation for your previous participation in the EEO process, you may elect to contact OCR to initiate an EEO complaint within forty-five (45) calendar days from the date of receipt of this action.[4]

*Please note:* You may either pursue discrimination allegations through the EEO process *OR* you may file a "mixed case" at MSPB to appeal this decision and to raise discrimination as a defense in the MSPB appeal. Filing an EEO claim does not limit your right to file a complaint with OSC.

### (4) MSPB – Mixed Case (Appeal of Agency's Decision and Claim of Discrimination)

If you believe USAGM's decision on the Proposal was based on discrimination, and the action taken against you is appealable to MSBP (removal, suspension of more than 14 days, reduction in grade or pay, furlough of 30 days or less, denial of within-grade salary increase, reduction-in-force action),[5] you may file a "mixed case" with MSPB.

*Please note:* A discrimination complaint in connection with an action that is not appealable to MSPB may be pursued through OCR and the Equal Employment Opportunity Commission ("EEOC") as described in Section (3) above.

If health or personal problems are impacting on your behavior, USAGM offers a confidential employee assistance program that may be able to assist you. The Employee Assistance Program office may be reached 24 hours a day by dialing 1-800-222-0364 (identify your agency as USAGM) or online at www.FOH4You.com.

If you and/or your representative have any questions about the regulations or procedures applicable to this proposal, you may contact Ms. Stewart at ███████████.

Sincerely,

John A. Zadrozny
Senior Advisor
U.S. Agency for Global Media

cc:   Kari Lake, Acting Chief Executive Officer, USAGM
      Labor and Employee Relations Division

---

[4] If you have questions about USAGM's EEO policies, you may send an e-mail to ocr@usagm.gov.
[5] See 5 C.F.R. § 1201.3 for a complete list of actions that are appealable to MSPB.

**Attachments**

Attachment 1: Notification of Reassignment dated July 8, 2025
Attachment 2: Position Description - Chief Management Officer position
Attachment 3: Michael Abramowitz Response to Reassignment
Attachment 4: Position Description – Director of VOA
Attachment 5: SF-50s for Recruitment Incentive and Performance Cash Award
Attachment 6: Performance Appraisal (June 24, 2024, through September 30, 2024)