IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE *et al.*, <br><br> *Defendants.* | Case No. 25-cv-1015-RCL |
| MICHAEL ABRAMOWITZ *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE *et al.*, <br><br> *Defendants.* | Case No. 25-cv-00887-RCL |

**UNOPPOSED MOTION FOR RECONSIDERATION OF
THE PARTIES' JOINT MOTION REGARDING PROCEDURE FOR FILING
DEPOSITION TRANSCRIPTS WITH THE COURT**

Defendants write to respectfully request that the Court reconsider in part its Order dated September 17, 2025, *Widakuswara* Dkt. 152, granting in part and denying in part the parties' joint motion regarding procedures for filing deposition transcripts with the Court. Counsel for Defendants have conferred with counsel for Plaintiffs in both cases, who have indicated that "Plaintiffs do not oppose the relief requested but do not endorse the analysis in the motion."

On September 8, 2025, Defendants moved for a protective order. *Widakuswara* Dkt. 147. On September 10, 2025, the Court granted in part and denied in part Defendants' motion, and ordered the parties to "file an unredacted copy of the transcript from each deposition under seal on

1

the dockets in each case." *Widakuswara* Dkt. 149. The Court further ordered that deposition transcripts "shall automatically be made public" unless within 48 hours of filing the transcript a party files a sealed motion with proposed redactions. *Id.*

Following the entry of the Court's September 10 Order, the parties conferred and agreed to propose to the Court the following procedure with respect to filing the transcripts of the depositions of Kari Lake and Leili Soltani.

1. Neither transcript is confidential nor contains privileged information. Accordingly, no party will seek to designate proposed redactions in either deposition transcript.

2. Unredacted copies of the transcript from each deposition will be filed under seal on the ECF docket, as ordered by the Court.

3. Because Ms. Soltani is not a public figure and out of respect for the witness, the parties respectfully request that the copy of Ms. Soltani's deposition transcript filed with the Court remain under seal. However, any party may use excerpts of Ms. Soltani's deposition transcript without restriction.

On September 16, 2025, the parties filed a joint motion to this effect. *Widakuswara* Dkt. 151. On September 17, 2025, the Court entered an Order granting in part and denying in part this motion. *Widakuswara* Dkt. 152. In relevant part, the Court explained that "[a]lthough the parties jointly request that Ms. Soltani's deposition materials should be sealed in full on the ground that Ms. Soltani 'is not a public figure,' … that fact, without more, does not supply an adequate basis for sealing in light of the countervailing public interest." *Widakuswara* Dkt. 152 at 2.

Defendants respectfully move the Court to reconsider its Order in part. In support thereof, Defendants write to supply additional context that they believe forms an adequate basis for sealing Ms. Soltani's deposition materials in accord with their proposed procedures.

It is true that there is a "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1997). But the D.C. Circuit has "identified six factors that might act to overcome this presumption: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

Here, these factors weigh against public disclosure of Ms. Soltani's deposition materials—especially her privacy interest. First, there is limited need for public access to the deposition materials in their entirety; the parties' joint proposal would still allow for any party to use the deposition materials without restriction. To the extent the parties do not find it necessary to rely on other portions of the deposition materials, there is a diminished need for public access to those unused portions. Second, Ms. Soltani's deposition materials have not previously been made public. Third, Ms. Soltani objects to the disclosure of these materials in full, as do all parties in the above-captioned cases, as indicated in the parties' previous joint filing. Fourth, and most importantly, Ms. Soltani has a strong privacy interest. Specifically, Ms. Soltani—who is a career civil servant who has worked at Voice of America for more than 20 years—has already received harassing messages calling her a liar and a traitor since she filed a declaration in this case. She has significant concerns about being bullied if her deposition is made publicly available. She fears that she will be targeted for further harassment. Fifth, there is no prejudice to those opposing disclosure, as the parties jointly agreed to the above procedures in their joint filing. Sixth, the

document at issue was introduced during the judicial proceedings only for the purpose of complying with this Court's order granting the deposition of three government officials of Plaintiffs' choosing to evaluate Defendants' compliance with this Court's orders. Collectively, these factors weigh in favor of granting the parties' joint motion regarding procedures for filing deposition transcripts with the Court. *Widakuswara* Dkt. 151.

      The Court's previous Order granting in part and denying in part this motion rested on the fact that the parties failed to "supply an adequate basis for sealing in light of the countervailing public interest." *Waushara* Dkt. 152 at 2. Defendants respectfully move this Court to reconsider its Order on the grounds that, in this new motion, Defendants have now supplied an adequate basis for sealing Ms. Soltani's deposition in accordance with the procedures outlined in their original motion. *Widakuswara* Dkt. 151.

Dated: September 19, 2025                    Respectfully submitted,

                                                      BRETT A. SHUMATE  
                                                      Assistant Attorney General  
                                                      Civil Division

                                                      ERIC J. HAMILTON  
                                                      Deputy Assistant Attorney General  
                                                      Civil Division, Federal Programs Branch

                                                      _____/s/  Abigail Stout_____  
                                                      Abigail Stout  
                                                      (DC Bar No. 90009415)  
                                                      U.S. Department of Justice  
                                                      Civil Division  
                                                      950 Pennsylvania Avenue, NW  
                                                      Washington, DC 20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, *et al.*,<br><br>Plaintiffs,<br><br>–v.–<br><br>KARI LAKE *et al.*,<br><br>Defendants. | Case No. 25-cv-1015-RCL |
| MICHAEL ABRAMOWITZ *et al.*,<br><br>Plaintiffs,<br><br>–v.–<br><br>KARI LAKE *et al.*,<br><br>Defendants. | Case No. 25-cv-00887-RCL |

### [PROPOSED] ORDER REGARDING PROCEDURE FOR FILING DEPOSITION TRANSCRIPTS WITH THE COURT

Upon consideration of the Defendants' Unopposed Motion for Reconsideration of the Parties' Joint Motion Regarding Procedure for Filing Deposition Transcripts, which was filed with the Court on September 19, 2025, and all pleadings and proceedings relevant to this action, and good and sufficient cause therefore, it is hereby:

ORDERED that the transcript from the deposition conducted in these cases of witness Leili Soltani will be filed under seal. However, any party may use excerpts of Ms. Soltani's deposition transcript without restriction.

SO ORDERED:

DATE: _____

_____
Hon. Royce C. Lamberth
United States District Judge