

U. S. Department of Justice

Jeanine Ferris Pirro
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, NW*
*Washington, DC 20530*

February 12, 2026

Honorable Royce C. Lamberth
333 Constitution Avenue, N.W.
Washington, DC 20001

**RE:**   *Abramowitz v. Lake*, Civ. A. No. 25-0887 and *Widakuswara v. Lake*, Civ. A. No. 25-1015
   Defendants' Response to the Court's February 5, 2026, Order (ECF No. 201)

Dear Judge Lamberth:

The Court ordered, *inter alia*, the parties to describe their respective positions on whether and the extent to which the Consolidated Appropriations Act, P.L. 119-75 (2026) (the "Act") funding provisions related to U.S. Agency for Global Media ("Global Media") affect the disposition of the pending Cross-Motions for Partial Summary Judgment. *See* Feb. 5, 2026, Order (ECF No. 201).[1]

In terms of Plaintiffs' motion for partial summary judgment, including the requested relief (ECF No. 166), Plaintiffs place emphasis on the level of funding Congress had appropriated to Voice of America in fiscal year ("FY") 2024–25 as evidence that Global Media was required to maintain prior operations, staffing, and broadcast levels. That premise has now materially shifted. Congress has since enacted FY 2026 appropriations that reduced Voice of America's funding from approximately $260 million to $199.5 million (approximately 23.27% reduction) (*see* Ex. A, JES Table), as part of an overall $214 million cut to Global Media's overall budget. This substantial reduction in appropriations undercuts Plaintiffs' reliance on prior funding levels, confirms that Congress itself envisions a smaller-scale agency in FY 2026, which is consistent with the March 14, 2025, Executive Order, and makes large operational and personnel reductions unavoidable. Plaintiffs' request for wholesale vacatur is unworkable and contrary to Congress's deliberate decision to fund a much smaller agency. Furthermore, ultimately, absent specific congressional intent to the contrary, Global Media and Voice of America have wide discretion in determining how it wants to allocate the FY 2026 funds, not Plaintiffs.

The Act does not affect the arguments raised in Defendants' dispositive motions that pertain to the jurisdictional issues and threshold deficiencies with Plaintiffs' purported Administrative Procedure Act claims.

---

[1]   Defendants cite only to the *Widakuswara* docket.

*Abramowitz v. Lake*, Civ. A. No. 25-0887 and *Widakuswara v. Lake*, Civ. A. No. 25-1015  February 12, 2026
Defendants' Response to the Court's February 5, 2026, Order (ECF No. 201)  Page 2 of 2

      For all of the reasons discussed in Defendants' partial cross-motion for summary judgment and motion to dismiss, the Court should dismiss both actions.

      Sincerely,

      STEPHANIE R. JOHNSON,
         D.C. Bar # 1632338
      Assistant United States Attorney

      */s/ Stephanie R. Johnson*
      Phone: (202) 252-7874
      Email: stephanie.johnson5@usdoj.gov