February 12, 2026

**VIA ELECTRONIC FILING**

The Honorable Royce C. Lamberth
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue NW
Washington, D.C. 20001

      Re:    Plaintiffs' Response to the Court's February 5, 2026 Order in *Abramowitz v. Lake*, 25-cv-887 (D.D.C) and *Widakuswara v. Lake*, 25-cv-1015 (D.D.C.)

Dear Judge Lamberth:

      Plaintiffs in the above-captioned cases respectfully submit this letter brief in response to the Court's February 5, 2026 order requesting supplemental briefing concerning Congress's recent appropriation to the United States Agency for Global Media and any impact such appropriation has on the pending motion for partial summary judgment on Plaintiffs' APA claims.

      On May 2, 2025, Russell Vought, Director of the Office of Management and Budget, transmitted President Trump's 2026 budget recommendations to Congress. ECF 77-1.[1] That submission recommended "the elimination of or the elimination of federal funding for" the United States Agency for Global Media (USAGM). *Id.* at 39-40. The funds proposed by the President's budget would "account for costs of orderly shutdowns." *Id.* at 39.

      On August 28, 2025, Defendants shared with Plaintiffs and this Court USAGM's 2026 budget justification. ECF 77-3. That justification, which followed Vought's budget recommendations, "propose[d] funding to enable the orderly shutdown of U.S. Agency for Global Media (USAGM) operations." *Id.* at 4. To that end, USAGM requested $153 million to fully wind down operations, *id.*, a proposed decrease in funding of more than $700 million, *id.* at 6. That included a decrease in Voice of America's (VOA) funding from $260 million to $23 million. *Id.* at 5.

      Congress has now emphatically rejected the executive branch's proposals. Instead, between January 30, 2026, and February 3, 2026, both chambers passed new appropriations for USAGM, providing the Agency and its components with $643,000,000 in funding for Fiscal Year 2026. H.R. 7148-347, Public Law No. 119-75 (attached as Exhibit A). Of this $643,000,000, Congress specifically appropriated $199,500,000 to VOA. Fiscal Year 2026 Explanatory Statement, Division B–National Security, Department of State, and Related Programs

---

[1] Unless otherwise noted, docket citations are to 25-cv-887.

Appropriations Act, 2026, at 15 (attached as Exhibit B). On February 3, 2026, President Trump signed these appropriations into law.

In this appropriation, Congress delineated how much money each network must receive, and provided that the Agency could reprogram only up to ten percent of the specifically designated appropriations. Ex. A at 347. It required "[t]hat significant modifications to USAGM broadcast hours previously justified to Congress, including changes to transmission platforms (shortwave, medium wave, satellite, Internet, and television), for all USAGM language services shall be subject to the regular notification procedures of the Committees on Appropriations." *Id.* at 348. Within 30 days of the appropriations' passage and quarterly thereafter, the USAGM CEO must "brief the appropriate congressional committees on the status of agency operations, including staffing, language services, facilities and real property, transmissions, and other related issues." Ex. B at 15. And, among other things, USAGM must provide to Congress an operating plan with "the level of detail consistent with the USAGM program plan submitted in fiscal year 2024." *Id.*

The significance of these appropriations is clear. Throughout this litigation, Plaintiffs have repeatedly emphasized that Defendants' actions defy Congress's manifest will, as enshrined in the International Broadcasting Act, VOA Charter, and the funding Congress has consistently provided to the Agency. *See, e.g.*, ECF 4-2 at 31 ("Without a doubt, defendants are acting in a manner incompatible with Congress's express will."); ECF 37 at 3 ("Congress imposed these requirements on VOA. And only Congress can alter, dilute, or otherwise eliminate them."); ECF 49 at 5 ("Congress's appropriation … informs what Congress believes is the magnitude of the programming and operations necessary to reach the audience described in the statute."). This Court has described Defendants' conduct—"thumb[ing] their noses at Congress's commands and giv[ing] responses that are dripping with indifference to their statutory obligations"—as "the height of arbitrariness." ECF 100 at 10-11. Among other reasons, Defendants' radical downsizing decision was illegal because it was not in accordance with and failed to consider Congress's hundreds of millions of dollars in appropriations to the Agency. ECF 103-1 at 32-33.

Congress's decision to appropriate hundreds of millions of dollars to the Agency—repudiating the executive's wishes—only reconfirms that Congress has always wanted USAGM and VOA to run a robust, far-reaching operation. It further underscores that Congress does not agree with Defendants' unlawful decision to radically downsize USAGM and VOA. And it demonstrates, once again, that Defendants' decision and the current *de minimis* functioning of the Agency are fully out of step with Congress's commands. Put differently, Congress's decision to once again appropriate hundreds of millions of dollars to USAGM and VOA confirms what Plaintiffs have been saying all along: restoring USAGM's and VOA's operation to its status before Defendants took their illegal action is imperative and legally required. That is all the more apparent now.

To be clear, the facts giving rise to Defendants' APA violations here transpired in March 2025. The APA tells us to look to the time at which Defendants made their decision, and to scrutinize how Defendants reached that decision, examine what they considered, and determine whether their action was in accordance with law at the time it was made. ECF 103-1 at 29 ("Post-hoc rationalization cannot sustain agency action."). In this respect, the roadmap for finding

Defendants acted illegally and issuing a final judgment related to the same is contained in Plaintiffs' partial summary judgment briefing. That briefing concerns the relevant facts: those that preceded and were contemporaneous with Defendants' illegal downsizing decision.

The last 10 months of proceedings, including those related to Defendants' utter intransigence with respect to not complying with prong (3) of the preliminary injunction, *demonstrate just how arbitrary, capricious, and unlawful Defendants' downsizing decision was*. Defendants decimated USAGM and VOA without a plan to operate the entities, without taking into account the relevant factors, and without concern for governing law, including the Agency's appropriations. That has been on full display since March 2025 and can be seen in how the Agency is functioning today—barely.

In the same vein, Congress's decision to appropriate hundreds of millions of dollars to the Agency is yet another indication that the Agency's decisionmaking is out of step with the law. It is a development that further demonstrates that USAGM and VOA must restore a robust operation. This Court previously found that "surely, when Congress appropriated $260 million to VOA for FY 2025, it did not anticipate that such a significant sum of taxpayer funds would be used to pay employees to sit at home for months on end, making no contributions to VOA's statutory mandate…. The legal term for that is 'waste,' and it is precisely what federal appropriation law aims to avoid." *Widakuswara v. Lake,* No. 1:25-CV-0887-RCL, 2025 WL 2159180, at *3 (D.D.C. July 30, 2025). The same is true, of course, of the hundreds of millions of dollars Congress has now appropriated for Fiscal Year 2026.

Finally, Congress's appropriation decision is a further confirmation that the proper remedy here is vacatur, the remedy to which Plaintiffs have always been entitled in this case. That was true when Plaintiffs initiated these lawsuits in March 2025. It was true when Plaintiffs moved for partial summary judgment in November 2025. And it is true today. That should not be controversial: it comes directly from the text of the APA. 5 U.S.C. § 706(2)(A) ("The reviewing court *shall* … hold unlawful *and set aside agency action* … found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (emphases added)); *see also* ECF 103-1 at 33-35 (discussing cases). Vacatur means that Defendants must unwind their illegal actions and restore the state of affairs that existed before they took their challenged action. ECF 103-1 at 33-35. It restores the important operation of USAGM and VOA that Congress has once again funded in the recent appropriation.

In short, this Court should decide Plaintiffs' motion for partial summary judgment on their APA claims just as it would have previously. The recent appropriation further underscores that Defendants' actions were arbitrary and capricious and contrary to law, and that Defendants are unlawfully withholding required agency action. The appropriation is also consistent with an order setting those illegal actions aside and restoring the status quo ex ante.

Dated: February 12, 2026

ZUCKERMAN SPAEDER LLP

_____/s/_____
William B. Schultz
Jacobus P. van der Ven
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for Abramowitz Plaintiffs*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees*

Respectfully submitted

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_____/s/_____
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

_____/s/_____
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org
*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

(AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC – YALE LAW SCHOOL

_____/s/_____
David A. Schulz

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

5

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

** The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.