UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KARI LAKE, et al.<br><br>Defendants. | Civil Action No. 25-00887 (RCL) |
| PATSY WIDAKUSWARA, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>KARI LAKE, *et al.*<br><br>Defendants. | Civil Action No. 25-1015 (RCL) |

**MEMORANDUM REGARDING MOOTNESS**

On September 18, 2026, this Court ordered Defendants to brief mootness regarding Plaintiffs' Administrative Procedure Act (APA) vacatur claims. Docs. 268-69.[1] And to enable its inquiry into the mootness of Plaintiffs' vacatur claims, the Court ordered Defendants to provide the Court with "materials that are guiding or determining the current operation of the agency" because such information "is indisputably relevant to the Court's assessment of its subject-matter jurisdiction." *Id.* at 9-10. Accordingly, Defendants file this memorandum explaining that numerous of Plaintiffs vacatur claims are moot, a declaration from an agency official detailing certain aspects of the agency's operations, *see* Declaration of Christopher Wallace, and certain

[1] All docket cites are to the *Widakuswara* case.

policy documents of USAGM that are currently in effect, *see* Exhibit A (FY 2026 Program Plan); Exhibit B (Hiring Plan).[2]

First, Plaintiffs' claim to vacate the Statutory Minimum Memorandum is moot because USAGM replaced the Memorandum, does not consider the Memorandum operative, and does not plan or intend to readopt the Memorandum. Nor does any exception to mootness apply: USAGM's decisions here were not made to manipulate the Court's jurisdiction to preserve the ability to revert to the challenged conduct.

Second, Plaintiffs' claim to vacate the cessation of broadcasting is also moot because USAGM has adopted a new broadcasting plan, is implementing that new broadcasting plan, and does not plan or intend to return to the cessation of broadcasting challenged by Plaintiffs. And like with respect to the Statutory Minimum Memorandum, no exception to mootness applies.

Finally, this Court has never had jurisdiction over Plaintiffs' claim related to personnel decisions. Even if it did, that claim is now moot under a proper understanding of Plaintiffs' claim and the scope of this Court's vacatur order. Plaintiffs' claim, and in turn this Court's vacatur order, stems from USAGM's overarching decisions, *i.e.*, the Statutory Minimum Memorandum and the March 15 decision to place employees on administrative leave. And USAGM, with new leadership, no longer relies on the Memorandum and is implementing a new personnel plan—which includes recalling employees placed on administrative leave in March 2025. Accordingly, Plaintiffs' vacatur claim here is also moot. And even if this Court disagrees, numerous

[2] The FY 2026 Program Plan, along with the Declaration of Anthony Smith, *see* Doc. 267-2, addresses the "agency's expenditures," Doc. 269 at 11. The Wallace Declaration addresses the agency's personnel decisions, *see* ¶ 16, and Defendants' status reports have included information as to new hires, *see* Doc. 244 at 1; Doc. 254 at 1.

considerations support staying proceedings related to the personnel decisions pending proceedings before the D.C. Circuit.

To start, courts "must evaluate mootness on a claim-by-claim basis to determine whether each claim satisfies the constitutional requirements for Article III jurisdiction." *United States v. Vega*, 960 F.3d 669, 673 (5th Cir. 2020); *see also, e.g.*, *Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 629 (5th Cir. 2023) (same); *Louie v. Dickson*, 964 F.3d 50, 54 (D.C. Cir. 2020) (Mootness "applies to each form of relief requires, so courts proceed claim by claim." (cleaned up)); *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) ("We take a claim-by-claim approach to mootness and must decide whether a case is moot as to each form of relief sought." (cleaned up)). That is because mootness, like standing, must be assessed "for each claim that [the plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021); *see also Louie*, 964 F.3d at 54.

Because the form of relief is important to assessing mootness, the scope of APA vacatur under current prevailing precedent matters. The APA directs courts to "hold unlawful and set aside agency action[s]." 5 U.S.C. § 706(2). Under prevailing precedent, the APA's direction to "set aside" means "vacate." *See, e.g.*, *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin*, 174 F.4th 81, 119 (D.C. Cir. 2026). Vacatur "voids," "annuls," or "nullifies" the challenged agency action. *See, e.g.*, *United States v. Texas*, 599 U.S. 670, 690 (2023) (Gorsuch, J., concurring); *State of Florida v. HHS*, No. 25-12095, 2026 WL 2618386, at *8 (11th Cir. Sept. 4, 2026); *Lifelink Found., Inc. v. Kennedy*, No. 8:25-CV-2042-KKM-SPF, 2026 WL 2914221, at *18 (M.D. Fla. Sept. 29, 2026) (Mizelle, J.). Unlike an injunction, vacatur acts on the challenged agency action; it does not operate on the government officials. *See, e.g.*, *Texas*, 599 U.S. at 690 (Gorsuch, J., concurring); *Refugee & Immigrant Ctr. for Educ. & Legal Servs.*, 174 F.4th at 120.

Moreover, vacatur is generally "a less drastic remedy" than "an injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010). As the Supreme Court explained in *Monsanto*, when vacatur is "sufficient to redress [an] injury," it is inappropriate for a court to also enter "the additional and extraordinary relief of an injunction." *Id.*; *see also id.* ("An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course. If a less drastic remedy (such as partial or complete vacatur of APHIS's deregulation decision) was sufficient to redress respondents' injury, no recourse to the additional and extraordinary relief of an injunction was warranted." (citation omitted)). Plus, a district court cannot, "in every case, effectively enjoin agency action simply by recharacterizing its injunction as a necessary consequence of vacatur" because "that would circumvent the Supreme Court's instruction in *Monsanto*." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1054 (D.C. Cir. 2021). And importantly, vacatur of an overarching policy does not mean vacatur of every discrete agency action implementing the overarching policy. *See, e.g.*, *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2661 (2025) (Barrett, J., concurring) ("Even if the guidance and grant terminations are linked, vacating the guidance does not necessarily void decisions made under it…. The claims are legally distinct."); *D.A.M. v. Barr*, 486 F. Supp. 3d 404, 414-15 (D.D.C. 2020) ("[A] judicial order vacating an agency rule does not automatically void every decision the agency made pursuant to the invalid rule").

In light of the above principles, Plaintiffs' claim for vacatur of the Statutory Minimum Memorandum is moot; Plaintiffs' claim for vacatur of the cessation of broadcasting is also moot; and (assuming jurisdiction existed at the outset) Plaintiffs' vacatur claim against personnel decisions is moot, but in any event, the Court should stay proceedings related to these personnel decisions pending the D.C. Circuit's resolution of Defendants' appeal of this Court's injunction.

**1.** Plaintiffs' claim for vacatur of the Statutory Minimum Memorandum is moot. For purposes of the functioning of USAGM at the time of this filing, the Memorandum is neither operative nor binding and has been replaced. *See* Wallace Decl. ¶ 17. No decisionmaker for UASGM relies on the Memorandum in making future decisions. *See id.* ¶ 4 ("In carrying out my responsibilities, I do not use or rely on the March 2025 Statutory Minimum Executive Summary Memo to make operational decisions."); *id.* ¶ 17 ("[Voice of America (VOA)] and USAGM continue to assess their needs and implement the USAGM 2026 Program Plan, and are not relying in any way on the March 2025 Statutory Minimum Executive Summary Memo."); Doc. 253 at 4 ("Defendants are not currently taking any action based on the agency actions that the Court's order vacated."). And USAGM has no plan or intention to bring back or readopt the Statutory Minimum Memorandum. *See* Wallace Decl. ¶¶ 4, 17. Because USAGM replaced the Statutory Minimum Memorandum, considers the Memorandum to be void, and has no plans or intentions to bring back or readopt the Memorandum, Plaintiffs' claim for vacatur of the Statutory Minimum Memorandum is moot. *See, e.g.*, *Row 1 Inc. v. Becerra*, 92 F.4th 1138, 1144 (D.C. Cir. 2024) ("The Government's rescission of the contested February letters moots Appellant's request for the court to vacate the policy announced in the letters."); *Akiachak Native Cmty. v. Dep't of Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016) ("Because that [challenged] regulation no longer exists, we can do nothing to affect [plaintiff's] rights relative to it, thus making this case classically moot for lack of a live controversy."); *Larsen v. U.S. Navy*, 525 F.3d 1, 2 (D.C. Cir. 2008) ("[B]ecause the Navy has long since eliminated the challenged policy, plaintiffs' challenge is moot.").

**2.** Plaintiffs' claim for vacatur of the cessation of broadcasting is also moot. As shown by the produced documents, USAGM has adopted a new broadcasting plan that far exceeds that operations at the beginning of 2026. Wallace Decl. ¶¶ 3-15; *see* FY 2026 Program Plan. USAGM

also has no plans or intentions to return broadcasting levels to materially similar levels as at the time of this suit. *Id.* ¶ 4. Indeed, USAGM plans to and intends to follow the new broadcasting plan, which materially differs from the broadcasting action challenged by Plaintiffs. *Id.* ¶¶ 3-15; *see* FY2026 Program Plan. And USAGM is providing broadcasting in a way that materially differs from the cessation of broadcasting challenged by Plaintiffs. *See* Wallace Decl. ¶¶ 3, 13-15. Thus, Plaintiffs' claim for vacatur of the cessation of broadcasting is moot. *See, e.g.*, *Samma v. Dep't of Def.*, 136 F.4th 1108, 1114 (D.C. Cir. 2025) ("Although it is at least possible that DoD might at some point seek to implement a similar policy, it does not represent that it intends to revert to the policy at issue here and we cannot issue an advisory opinion on an unknowable future policy."); *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 188 F.4th 400 (D.C. Cir. 2026) (ruling that the rescission of a government action moots the claim against the action).

**3.** This Court is also without jurisdiction regarding Plaintiffs' APA vacatur claim against personnel decisions. In any event, the Court should stay proceedings related to these personnel decisions pending the D.C. Circuit's resolution of Defendants' appeal of this Court's injunction.

**a.** To start, Defendants reiterate their argument that this Court has never possessed jurisdiction to consider challenges to their employment actions. *See, e.g.*, Doc. 189 at 8-17. The D.C. Circuit has twice agreed. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *2 (D.C. Cir. May 3, 2025) ("The district court likely lacked jurisdiction over USAGM's personnel actions."); *Widakuswara v. Lake*, No. 25-5144, 2026 WL 970265, at *1 (D.C. Cir. Mar. 31, 2026). Because a court cannot proceed without jurisdiction, Doc. 269 at 6, this Court's inquiry should end.[3]

[3] At the least, the D.C. Circuit's orders in this case merit a stay of proceedings as to this issue. *See infra* at 9-10.

But even if this Court once had jurisdiction over this vacatur claim, this Court no longer does. It is well-established that the Court's vacatur cannot require what the Court's injunction requires. *See, e.g.*, *Monsanto*, 561 U.S. at 166; *Standing Rock Sioux Tribe*, 985 F.3d at 1054. Because injunctions should not be entered if vacatur is "less drastic" and "remed[ied]" plaintiffs' injury, it must mean that this Court's injunction ordered something that vacatur itself did not require. *Monsanto*, 561 U.S. at 166. This Court entered an injunction in addition to vacatur that ordered that "'all employees placed on administrative leave pursuant to the defendants' March 2025 directive shall return to work.'" *Abramowitz v. Lake*, No. 1:25-CV-1015-RCL, 2026 WL 2804815, at *1 (D.D.C. Sept. 18, 2026) (quoting March 17 Order at 2). The issuance of the injunction means that the vacatur order alone cannot be interpreted to require the agency to return employees placed on administrative leave back to work. To conclude otherwise would mean that this Court "effectively enjoin[ed] agency action simply by recharacterizing its injunction as a necessary consequence of vacatur" in violation of the Supreme Court's decision in *Monsanto* and *Standing Rock Sioux Tribe*, 985 F.3d at 1054, and entered an injunction in surplus.

Defendants' understanding of the Court's vacatur order is required for this Court's order to be consistent with the D.C. Circuit's stay of this Court's injunction pending appeal and Article III. The D.C. Circuit "stayed" this Court's order "to the extent that they require that 'all employees placed on administrative leave pursuant to defendants' March 2025 directive shall return to work.'" *Widakuswara v. Lake*, 2026 WL 970265, at *1. The D.C. Circuit's stay would be meaningless if this Court's unjustified inspection of USAGM's compliance with vacatur still effectively required returning to work the employees placed on administrative leave. *Cf. United States v. Kpodi*, 888 F.3d 486, 491 (D.C. Cir. 2018) ("The mandate rule embodies the simple

principle that 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'").

The foregoing points to a limited scope for the vacatur order, and Plaintiffs' vacatur claim. And that scope matters. That is because mootness must be assessed on a claim-by-claim basis with a careful eye to the relief sought and the relief provided. *See, e.g.*, *Louie*, 964 F.3d at 54. It is Defendants' view that, when Court's vacatur order is read together with the Court's injunction, the scope of the Court's vacatur order only reaches the programmatic actions that led to the personnel decisions at issue—*i.e.*, the March 15, 2025, placement of employees on administrative leave and the Statutory Minimum Memorandum—and does not include vacatur of specific personnel decisions. *Cf. Nat'l Insts. of Health*, 145 S. Ct. at 2661 (Barrett, J., concurring) ("Even if the guidance and grant terminations are linked, vacating the guidance does not necessarily void decisions made under it…. The claims are legally distinct.").

Plaintiffs' challenge to those decisions is now moot. USAGM, with new leadership, no longer relies on the Memorandum and is implementing a new personnel plan—which includes recalling employees placed on administrative leave in March 2025. Wallace Decl. ¶¶ 16-17; *see* Hiring Plan. This means that Plaintiffs' challenge is aimed at agency actions that are no longer in place. And new leadership made these changes independent of this Court's orders. *See* Wallace Decl. ¶ 4. To be sure, some employees remain on administrative leave, but that fact is traceable to a new decision of new leadership to recall only a subset and leave the rest on leave, not the decisions that old leadership made. In sum, because USAGM has made and is making new personnel decisions, including hiring new employees, returning certain employees from administrative leave, and maintaining administrative leave for other employees, Plaintiffs'

challenge to superseded decisions made in March 2025 is now moot. *See Samma*, 136 F.4th at 1113.

**b.** To the extent this Court disagrees, it should stay proceedings on any of Plaintiffs' non-moot claims related to the specific personnel decisions—including compliance with the Court's purported vacatur of the specific personnel decisions—pending the D.C. Circuit's resolution of Defendants' appeal of this Court's injunction. That resolution awaits the D.C. Circuit's decision in *NTEU v. Vought*.[4] *See Widakuswara v. Lake*, No. 25-5144 at 2 (D.C. Cir. June 8, 2026) (per curiam); *see also Abramowitz v. Lake*, No. 1:25-CV-1015-RCL, 2026 WL 2804815, at *1 (D.D.C. Sept. 18, 2026) (recognizing that the D.C. Circuit is "holding [this] appeal in abeyance [pending] *NTEU v. Vought*"). And the D.C. Circuit's path makes sense because the issues implicated by *NTEU v. Vought* directly affects this case. This Court should thus fall in line with the D.C. Circuit and follow the D.C. Circuit's lead by staying the proceedings on any non-moot claims related to the specific personnel decisions—including compliance with the Court's vacatur order as it relates to the specific personnel decisions—pending the D.C. Circuit's resolution of *NTEU v. Vought* and *Widakuswara*.

Finally, further personnel developments by USAGM reinforces that this Court should stay the proceedings related to specific personnel decisions pending the D.C. Circuit's resolution of *NTEU v. Vought* and *Widakuswara*. As the declaration from a USAGM official explains, there has been changes to "[p]ersonnel planning … to support VOA's expanded operating model." Wallace Decl. ¶16. USAGM has submitted a "hiring plan" in July 2026 that, among other things, "identified 17 new hires specifically for VOA, separate from other positions for other USAGM

[4] On June 19, 2026, the en banc D.C. Circuit granted a motion for limited remand in *NTEU* and retained jurisdiction over the appeal. *See NTEU v. Vought*, No. 25-5091 (June 19, 2026).

components," and, as of October 13, "USAGM had returned 168 employees from administrative leave to active duty." *Id.* Further, USAGM has hired new employees. *See* Doc. 244 at 1; Doc. 254 at 1. These developments further support staying the proceedings related to specific personnel decisions pending the D.C. Circuit's resolution of *NTEU v. Vought* and *Widakuswara*.

**CONCLUSION**

Plaintiffs' vacatur claims are now moot. To the extent this Court disagrees with respect to the personnel decisions, this Court should stay proceedings as to that issue pending the D.C. Circuit's resolution of *NTEU v. Vought* and *Widakuswara*.

Dated: October 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

*/s/ Brantley T. Mayers*
BRANTLEY T. MAYERS
FL Bar #1039996
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 890-9874
brantley.t.mayers@usdoj.gov

JEANINE FERRIS PIRRO
United States Attorney

SAMANTHA-JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2435
Samantha-Josephine.Baker@usdoj.gov

BRETT S. COVINGTON
D.C. Bar #1003835
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Telephone: (202) 252-0888
Brett.Covington@usdoj.gov

*Attorneys for the United States of America*